UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00432 AG (JCGx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

**Proceedings:** [IN CHAMBERS] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE

Most of the parties in this case have been in litigation with each other for many years already. In 2012, Yishun Chen and Zhaosheng Chen sued several defendants, including Brian Horowtiz, in state court to determine the ownership of certain patents and allege some other claims, like fraud and conversion. A few months before the state court trial was to begin, Brian Horowitz and Creative Outdoor Distributors USA, Inc. ("Plaintiffs" here) sued Yishun Chen and Zhaosheng Chen ("Defendants" here) in this Court, purporting to allege claims for, among others, patent infringement, intentional interference with contract, and negligent misrepresentation. Defendants move to stay the case pending the state court proceedings, and to dismiss two of Plaintiffs' claims.

The Court now GRANTS Defendants' motion to dismiss Plaintiffs' claims WITH LEAVE TO AMEND, and DENIES Defendants' motion to stay. (Dkt. No. 18.)

**1. BRIEF BACKGROUND**

The parties have been arguing over patents related to folding wagons for nearly five years—since December 2012, when Defendants here filed a lawsuit against one of the Plaintiffs and some other parties in state court. Starting in November 2016, Defendants started sending patent infringement notices to entities that sold and manufactured Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00432 AG (JCGx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

folding wagon. Defendants sent the notice to a company where Plaintiff Horowitz had granted a "written license to manufacture and sell," Ollieroo, and to companies where Plaintiff Creative sells the folding wagon, such as Amazon, eBay, and other online marketplaces (the complaint refers to all these platforms as the "online retailers"), or other distributors.

About five months before the beginning of the state court trial, Plaintiffs brought this action in state court. The parties met and conferred in May 2017, and Plaintiffs reduced their complaint to the nine claims it currently lists. Since this apparently didn't resolve the parties' disagreement, Defendants filed this motion to dismiss two more claims, and to stay this case because of the state court proceedings. The state court trial has now ended.

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) asks for "a short plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the well-established purpose of a motion to dismiss under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim to relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). "[D]etailed factual allegations" aren't necessary at this early stage, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" just won't cut it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And, of course, it's well-settled that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

## 3. ANALYSIS

### 3.1 Intentional Interference with Contract

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00432 AG (JCGx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). Here, Plaintiffs haven't pled enough facts to allege a claim of intentional interference with contract because they haven't pled enough facts to show a contract. All the complaint says is that Plaintiff Horowitz granted Ollieroo a license to manufacture and sell and that Plaintiff Creative sells the folding wagon, directly or indirectly, through the online retailers and distributors. (Dkt. No. 17 at ¶¶ 18–20.) Those allegations aren't enough to plausibly allege that Plaintiffs had valid contracts with these third parties when Defendants were sending their infringement notices. For example, it's not clear whether Plaintiffs had installment contracts with these parties; or whether the contracts provided that Plaintiffs' payment would be contingent upon the third parties' sale; or whether any contracts between the parties had terminated but Plaintiffs were concerned about their ability to enter into future contracts with the third parties; etc.

The Court finds unpersuasive Plaintiffs' argument that the Court shouldn't dismiss their claim because their allegations could show they are entitled to relief under a different claim. Even if Plaintiffs were correct and they had stated enough facts for another claim, their present claim should be dismissed and the complaint amended. Plaintiffs' cited authorities do not convince the court otherwise. For example, one concerns a cases where the plaintiff had sufficiently pled its claim but may have pled the improper relief. *See Channell Commercial Corp. v. Wilmington Mach., Inc.*, No. EDCV 14-02240 DMG (DTBx), 2015 WL 12911615, at *5 (C.D. Cal. Apr. 28, 2015). Another pre-dates *Twombly* and *Iqbal* and applies the improper pleading standards. *See United States v. Howell*, 318 F.2d 162, 166 (9th Cir. 1963). The Court therefore finds Plaintiffs may only allege a different claim if they amend their complaint.

### 3.2 Negligent Misrepresentation

Defendants argue that Plaintiffs' claim for negligent misrepresentation must be dismissed because they allege misrepresentations were made to third parties rather than Plaintiffs themselves. " The elements of negligent misrepresentation are that (1) a representation of material fact was made, (2) the representation was false, (3) the defendant made the representation without reasonable grounds for believing it to be true, (4) the representation was intended to induce the defendant to take some action in reliance upon it, (5) the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00432 AG (JCGx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

reasonably relied upon the truth of the representation, and (6) the plaintiff sustained damage as a result of that reliance." *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 843 (1997). Plaintiffs argue that no authority clearly establishes that the misrepresentation can only be made to plaintiffs or that it's only plaintiffs' reliance that matters. But Plaintiffs are incorrect. "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Cal. Civ. Code § 1709. Just because Plaintiffs can cite cases that don't specifically references "plaintiffs" doesn't change the elements for a claim of negligent misrepresentation. Therefore, this claim is dismissed as well.

### 3.3 Stay

At the end of August, Defendants' filed a notice stating that a stay "pending completion of the State Court Trial on that case is no longer necessary and is moot." (Dkt. No. 26.) Defendants nonetheless requested an additional stay "until such time as the Statement of Decision is rendered in the State Court Action, which should be issued within the next few weeks time." (*Id.*) What part exactly of their own motion Defendants asserted was moot is unclear. But at any rate, federal law controls Plaintiffs' claims 1–4. As the Court is dismissing claims 8 and 9, leaving only three claims that aren't governed by federal law. What's more, since the judgment from the state court proceedings "should be issued within the next few weeks time," the state court proceedings will conclude before this case makes progress and granting the stay would likely only lead to more unnecessary motions. Therefore considering the eight factors from Colorado River and its progeny, and mindful that the balance is "heavily weighted in favor of the exercise of jurisdiction," the Court declines to issue a stay of this case. *See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

### 4. DISPOSITION

The Court now GRANTS Defendants' motion to dismiss Plaintiffs' claims WITH LEAVE TO AMEND, but DENIES Defendants' motion to stay WITH LEAVE. (Dkt. No. 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00432 AG (JCGx) | Date | October 2, 2017 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |