BLAKELEY LLP
David Mannion (Bar No. 288627)
dmannion@blakeleyllp.com
18500 Von Karman Ave, Suite 530
Irvine, California 92612
Telephone: (949) 260-0611
Fax: (949) 260-0613

Attorneys for Plaintiffs Brian Horowitz
and Creative Outdoor Distributors USA, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOROWITZ and CREATIVE OUTDOOR DISTRIBUTORS USA, INC., <br><br>         Plaintiffs, <br><br> v. <br><br> YISHUN CHEN and ZHAOSHENG CHEN, <br><br>         Defendants. | Case No. 8:17−cv−00432 AG (JCGx) <br><br> Hon. Andrew J. Guilford <br><br> **NOTICE OF MOTION AND MOTION OF BLAKELEY LLP TO WITHDRAW AS PLAINTIFFS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> <u>Hearing Time</u>: April 2, 2018 at 10:00 a.m. <br> <u>Place</u>: Courtroom 10D |
| ZHAOSHENG CHEN and YISHUN CHEN, <br><br>         Counterclaim-Plaintiffs, <br><br> v. <br><br> BRIAN HOROWITZ and CREATIVE OUTDOOR DISTRIBUTORS USC, INC., and DOES 1-20, inclusive, <br><br>         Counterclaim-Defendants. | <u>Discovery Cut-off</u>: July 5, 2018 <br> <u>Trial Date</u>: October 16, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 2, 2018 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10D of the United States District Court for the Central District of California at 411 West 4th Street, Santa Ana, CA 92701, before the Honorable Andrew J. Guilford, Blakeley LLP ("Blakeley"), counsel for plaintiffs Brian Horowitz and Creative Outdoor Distributors USA, Inc. (the "Plaintiffs") will move for an order granting leave to withdraw as counsel under Rule 83-2.3.2 of the Local Rules for the Central District of California and Rule 3-700(C) of the California Rules of Professional Conduct on the grounds that the Plaintiffs have: (1) failed to pay legal fees in accordance with their retainer agreement; and (2) knowingly and freely assented to termination of the employment.

Blakeley's motion is based on this Notice of Motion and Motion, as well as the accompanying Memorandum of Points and Authorities, the accompanying Declaration of David Mannion, the pleadings and papers on file in this action, and such other further argument and evidence as the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 1, 2018.

Respectfully submitted,

DATED: March 5, 2018                    BLAKELEY LLP


By: */s/ David Mannion*
David Mannion

Attorneys for Plaintiffs Brian Horowitz
and Creative Outdoor Distributors USA, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The law firm of Blakeley LLP ("Blakeley") respectfully requests leave to withdraw as counsel for plaintiffs Brian Horowitz and Creative Outdoor Distributors USA, Inc. (the "Plaintiffs").  The Plaintiffs owe Blakeley a substantial sum for legal services and have failed to make payments in accordance with Blakeley's retainer agreement.  In addition, the Plaintiffs have consented to Blakeley's withdrawal and retained new counsel.  Mannion Dec., ¶ 4.  Blakeley's withdrawal will not cause any prejudice or delay because discovery is open until July 5, 2018, and trial is not scheduled to begin until October 16, 2018.  *See* Dkt. No. 52 (Scheduling Order).

## II.   ARGUMENT

"The Court may consider the following factors in ruling on a motion for permissive withdrawal: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Marcus v. ABC Signature Studios, Inc.*, 2017 WL 5635020, at *2 (C.D. Cal. June 7, 2017).

### 1.    The Plaintiffs' failure to pay Blakeley's fees is good cause for withdrawal.

"Rule 3–700(C) of the California Rules of Professional Conduct applies to a request by [an attorney] to withdraw as counsel in a pending action." *Lehman Brothers Holdings, Inc. v. PMC Bancorp*, 2017 WL 4071384, at *1 (C.D. Cal. July 26, 2017); *Halicki v. Carroll Shelby Intl.*, 2009 WL 10673175, at *1 (C.D. Cal. Aug. 13, 2009) ("California Rule of Professional Conduct 3–700 outlines conditions under which counsel may withdraw from representation of a client.").

"California Rule of Professional Conduct 3–700(C)(1)(f) . . . allows counsel to request permission to withdraw when a client 'breaches an agreement or obligation to [counsel] as to expenses or fees.'" *Halicki*, 2009 WL 10673175, at *1.  "While the

'[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause,' C.D. Cal. L.R. 83–2.3.2, '[c]ourts have also held that the failure to pay attorney's fees may be grounds for withdrawal[.]'" *Wimbeldon Fund SPC (Class TT) v. Graybox, LLC*, 2017 WL 2841325, at *2 (C.D. Cal. June 30, 2017) (collecting cases); *see also Evolv Health, LLC v. Cosway USA, Inc.*, 2017 WL 1534184, at *3 (C.D. Cal. Apr. 26, 2017) ("Failure to pay attorneys' fees or costs constitutes good cause for withdrawal from a representation.")

On November 29, 2017, Blakeley notified the Plaintiffs of their obligation under the retainer agreement to pay a deposit to cover trial fees by January 15, 2018. Blakeley later extended that date to February 26, 2018.  On January 19, 2018, the Plaintiffs confirmed this deposit would be paid but it was not.  Apart from failing to pay the deposit, the Plaintiffs owe Blakeley a substantial amount of unpaid fees which they have failed to pay in accordance with the terms of Blakeley's retainer agreement despite repeated requests.  Mannion Dec., ¶ 2.

The retainer agreement expressly permits Blakeley to withdraw as counsel if its fees are not paid.  Mannion Dec., ¶ 3.  To maintain the Plaintiffs' privacy, Blakeley has not attached the retainer agreement to this Motion.  However, if the Plaintiffs dispute the provisions of the agreement, including the term permitting withdrawal for nonpayment of fees, Blakeley will submit it to the Court.

**2.     The Plaintiffs have consented to Blakeley's withdrawal and retained new counsel.**

Rule 3–700(C)(5) of the California Rules of Professional Conduct permits withdrawal where "[t]he client knowingly and freely assents to termination of the employment[.]"  *See also Alabado v. French Concepts Inc*., 2015 WL 12656284, at *1–2 (C.D. Cal. Oct. 22, 2015) (permitting withdrawal where clients consented and failed to pay attorneys' fees); *Aaron & Andrew, Inc. v. Sears Holdings Mgt. Corp*., 2015 WL 13022804, at *2 (C.D. Cal. Jan. 15, 2015) (same); *Austin Inv. Fund, LLC v. U.S.*, 2011 WL 4947550, at *1–2 (C.D. Cal. Oct. 17, 2011) (permitting withdrawal

1   for, among other reasons, client consent.); *Guardian Life Ins. Co. of Am., Inc. v.*

2   *Andraos*, 2009 WL 10675676, at *1 (C.D. Cal. Mar. 26, 2009) (same).

3        The Plaintiffs have consented to Blakeley's withdrawal and retained new

4   counsel to represent them, who will be filing a notice of appearance later this week.

5   Mannion Dec., ¶ 4.

6        **3.**     **Blakeley's withdrawal will not cause prejudice or delay.**

7        Motions to withdraw are routinely granted where withdrawal would not cause

8   undue delay or prejudice.  *See e.g. Liang v. Cal-Bay Int'l, Inc.*, 2007 WL 3144099, at

9   *1 (S.D. Cal. Oct. 24, 2007) (granting motion to withdraw where withdrawal would

10  not cause injustice or delay resolution of the case); *Bradford v. City of Modesto*, 2008

11  WL 2682734, at *2 (E.D. Cal. July 3, 2008) (granting motion to withdraw where

12  there would be "minimal prejudice.")

13       Here, discovery is open until July 5, 2018, and trial is scheduled for October

14  16, 2018, which is over seven months away.  *See* Dkt. No. 52 (Scheduling Order).  As

15  such, Blakeley's withdrawal will not prejudice any party.  *Cf. Guardian Life Ins. Co.*

16  *of Am., Inc. v. Andraos*, 2009 WL 10675676, at *1 (C.D. Cal. Mar. 26, 2009) (holding

17  that "the proposed substitution of Romano and withdrawal of current defense counsel

18  will not prejudice the parties" because trial was almost six months away.)

19       Blakeley's withdrawal also will not prejudice the Plaintiffs because they have

20  retained new counsel.  *Cf. Austin Inv. Fund*, 2011 WL 4947550, at *2 ("Ms.

21  Abrahamson has already retained substitute counsel . . . Thus, granting Ord's Motion

22  to Withdraw will not cause any prejudice to Ms. Abrahamson."); *Aaron & Andrew,*

23  *Inc.*, 2015 WL 13022804, at *2 ("It does not appear to the Court that withdrawal will

24  be overly prejudicial to Plaintiffs as they have already obtained discovery from NPI

25  and Mr. Loh is taking over the representation of Sears and Kmart.").

26       **4.**     **Blakeley has fulfilled its obligations concerning withdrawal.**

27       As required by Local Rule 83-2.3.2, this motion has been made on reasonable

28  notice to the Plaintiffs and all other parties (*i.e.* twenty-eight days).  In addition,

1   Blakeley has informed Creative Outdoor Distributors USA, Inc. ("Creative") of the

2   consequences of its inability to appear *pro se* under L.R. 83-2.3.4.  Specifically, on

3   February 27, 2018, Blakeley notified the Plaintiffs that unless new counsel appeared,

4   Blakeley would be forced to file this motion and if Creative did not retain new

5   counsel, a default judgment could be entered dismissing its claims and granting the

6   defendants a default judgment on their counterclaims.  Mannion Dec., ¶ 5.

7          Moreover, since November 29, 2017 onwards, Blakeley repeatedly notified the

8   Plaintiffs, orally and in writing, that if they did not comply with their payment

9   obligations under the retainer agreement, Blakeley would have to withdraw.  Mannion

10  Dec., ¶ 6.  As such, the Plaintiffs had ample notice that this motion would be filed.

11         Until Blakely is permitted to withdraw or new counsel appears, Blakeley will

12  continue to discharge its obligations to the Plaintiffs and they will have ample time to

13  retain new counsel before this motion is decided.  Blakeley has provided all client

14  files to the Plaintiffs and made the Plaintiffs' property available for collection.

15  Mannion Dec., ¶ 7.

16  **III.    CONCLUSION**

17         For the foregoing reasons, Blakeley respectfully requests that the Court permit

18  it to withdraw from its representation of Plaintiffs.

19                                          Respectfully submitted,

20  DATED: March 5, 2018                    BLAKELEY LLP

21

22                                  By:  */s/ David Mannion*
23                                       David Mannion

24                                  Attorneys for Plaintiffs Brian Horowitz
25                                  and Creative Outdoor Distributors USA, Inc.

26

27

28