
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-00432 AG (JCGx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

Present: The Honorable ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS (DKT. 76)**

Plaintiffs Brian Horowitz and Creative Outdoor Distributors USA, Inc. filed this lawsuit against Defendants Yishun Chen and Zhaosheng Chen in March 2017. Defendants moved to dismiss some of the claims that Plaintiffs included in their first amended complaint. (Dkt. No. 18.) The Court granted Defendants' motion to dismiss with leave to amend. (Dkt. No. 35.) Rather than just filing a second amended complaint addressing the deficiencies highlighted by the Court's order, Plaintiffs moved to amend their complaint to replead a cause of action and add some new causes of action. (Dkt. No. 44.) The Court granted-in-part and denied-in-part the motion for leave to amend. (Dkt. 59.)

Now that Plaintiffs have filed their second amended complaint (Dkt. 61), they turn their attention to attacking Defendants' answer and counterclaims (Dkt. 63). Plaintiffs argue that all three of Defendants' counterclaims should be dismissed for failing to meet the appropriate pleading standard. (Dkt. 76.)

The Court GRANTS Plaintiffs' motion. (Dkt. No. 76.)

**1. BACKGROUND**

The Court's order regarding Plaintiffs' motion to amend set out most of the relevant background (Dkt. 59) and there is background information in the first order regarding Defendants' motion (Dkt. 35) as well. Not much has changed since these two orders issued,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00432 AG (JCGx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

including the amount of progress in this case. There's no reason to restate any of that information here. Instead, the Court starts the story from where it left off.

After the Court issued its order regarding Plaintiffs' motion to amend, Defendants timely filed their answer and counterclaims. (Dkt. 63.) In it, they allege three claims: 1) declaratory judgment of invalidity of U.S. Patent No. 9,145,154; 2) declaratory judgment of invalidity of U.S. Patent No. D748,739; and 3) infringement of U.S. Patent No. 8,011,686.

Defendants allege that Horowitz owns Creative Outdoor. (Dkt. 63 at 15, ¶ 6.) Defendants allege that Horowitz improperly filed for and obtained two patents for wagon designs "derived from" Defendants' '686 Patent, namely, the '154 and D739 Patents. (*Id.* at 18, ¶ 19.) According to the counterclaims, Plaintiffs' two patents are "complete imitation and derivative designs" of Defendants' patent. (*Id.*) In the following paragraphs, Defendants allege that the '154 Patent depicts a folding wagon "similar to the 686 wagon design" that "only adds a few minor modifications." (*Id.* at 18, ¶ 21.) Defendants allege that D739 is "essentially the same design as the 154 Patent." (*Id.*) Defendants further state these two patents "must both be deemed invalid by the Court in that they are obvious in light of the prior art including, but not limited to the 686 patent wagon design[]." (*Id.* at 18, ¶ 22.) In Counts 1 and 2, Defendants allege the '154 and D739 Patents are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. (*Id.* at 19, ¶ 26; *id.* at 20, ¶ 29.)

Defendants also allege that both Plaintiffs have been "selling and continuing to flood the market with their copycat infringing products covered under the 154 patent and 739 patent wagon designs." (*Id.* at 19, ¶ 23.) Defendants allege that these products infringe the '686 Patent. (*Id.*; *id.* at 21, ¶ 33.)

**2. LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) asks for "a short plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the well-established purpose of a motion to dismiss under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim to relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). "[D]etailed factual allegations" aren't necessary at this early stage,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00432 AG (JCGx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" just won't cut it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And, of course, it's well-settled that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 3. ANALYSIS

#### 4.1 Defendants' Counterclaims for Invalidity

The crux of Plaintiffs' arguments regarding the invalidity counterclaims is that they are "conclusory and contradictory in nature." (Dkt. 83 at 8.) Plaintiffs observe that the counterclaims refer to the '154 and D739 Patents as "complete imitation and derivative designs" of Defendants' patent in one paragraph, but in the next paragraphs identify differences between Defendants' patent and the '154 and D739 Patents. (*Id.*) Plaintiffs also fault Defendants for failing to identify other prior art and failing to describe their other invalidity bases in more detail. (*Id.* at 14.)

The Court is unpersuaded that Defendants' counterclaims are inconsistent. Although it may not be the most appropriate phrase for the circumstances, the phrase "complete imitation and derivative design" in combination with the rest of Defendants' counterclaims can be reasonably understood as meaning that Plaintiffs imitated or derived their designs, despite some additions or changes, from the design disclosed in Defendants' patent.

Regarding the factual sufficiency of the invalidity allegations, this Court has previously considered the sufficiency of counterclaims for declaratory judgment of patent invalidity. *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV 16-00437 AG (JPRx), 2016 WL 7496742, at *2 (C.D. Cal. July 8, 2016). In *Core*, the Court examined various cases regarding the sufficiency of invalidity counterclaims and concluded:

> [t]his patent case has an orderly progression of discovery delineated in this Court's Standing Patent Rules and Defendant has provided allegations stating its validity challenge. Although the factual content of Fujitsu's pleadings in this case is sparse, requiring more detail at this stage would undermine the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-00432 AG (JCGx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

> disclosure requirements set forth in this Court's Standing Patent Rules. *See*
> S.P.R. 2.5; *Mortgage Grader, Inc. v. First Choice Loan Services, Inc.*, 811 F.3d 1314,
> 1320 (2016) ("Like Patent Local Rules, the S.P.R.s 'are essentially a series of
> case management orders that fall within a district court's broad power to
> control its docket and enforce its order.").

*Core*, 2016 WL 7496742, at *2 (citation to docket omitted). But unlike *Core*, the parties here have stipulated that the Court's Standing Patent Rules not apply. (*See* Dkt. 34.) The parties have not stated that they intend to conduct any of the usual disclosures required under those rules, for example, exchanging infringement or invalidity contentions. The counterclaims explain only one basis for why Defendants believe Plaintiffs' patents are invalid (obviousness over Defendants' patent). Otherwise, the counterclaims only generally list other grounds for patent invalidity, including "one or more of" §§ 101, 102, 103, and/or 112. Under the particular circumstances of this case, Defendants have failed to provide sufficient factual allegations to support this list of invalidity grounds.

### 4.2 Defendants' Counterclaim for Patent Infringement

Plaintiffs dispute Defendants' infringement counterclaim on two main grounds: 1) as lacking specific factual allegations; and 2) as improperly directed at both Creative Outdoor and Horowitz. (Dkt. 76 at 6–11.) Plaintiffs also argue that Defendants are improperly alleging patent infringement based on Plaintiffs' act of filing its own patents on the same technology.

The last of these arguments is likely based on the title of one of the sections of Defendants' counterclaims: "Horowitz's 739 Patent and 154 Patent are invalid **and infringe upon** the Chen's original 686 Patent." (Dkt. 63 at 18, § B (emphasis added).) The counterclaims don't otherwise discuss an infringement theory on this basis. But in their opposition, Defendants appear to argue that this is their sole basis for separately arguing that Horowitz (as opposed to Creative Outdoor) infringes Defendants' patents. (*See* Dkt. 83 at 7.) Defendants state,

> Counter Defendant Horowitz himself filed patents that are imitations and
> derivatives of Counter Claimant Yishun's trademarked wagon patent designs .
> . . So long as it is alleged that Counter Defendants Horowitz and Creative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00432 AG (JCGx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

> Outdoors have acted in a manner infringing upon Counter Claimant Chens' patents, such asserted Claims are more than adequate and sufficient[.]

(*Id.*) Defendants have failed to present any authority for an argument that filing a patent (or otherwise owning a patent) on related technology constitutes an act of patent infringement. Indeed, this argument is unsupported by the Patent Act. *See generally* 35 U.S.C. § 271. Defendants' infringement counterclaim against Horowitz fails.

As to Plaintiffs' arguments regarding the sufficiency of the pleadings, the Court agrees the allegations for this counterclaim are quite sparse. Plaintiffs focus on Defendants' 1) failure to identify a particular accused product; 2) failure to identify a representative asserted claim; 3) failure to assert or explain how it believes each and every element of a representative asserted claim are infringed by an accused product; and 4) failure to identify particular theories of infringement (such as direct, indirect, or doctrine of equivalents).

One very recent Federal Circuit case found a complaint alleging patent infringement of a patent involving "simple technology" met the *Iqbal and Twombly* pleading standard where it "identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim of the [asserted patents], either literally or equivalently.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, No. 2017-1483, 2018 WL 2011468, at *3 (Fed. Cir. May 1, 2018). But this case doesn't set a floor for the level of detail required to plead direct patent infringement. It's simply one example where pleadings were sufficient.

Another earlier case evaluating the sufficiency of a pleading in the context of a joint infringement claim under the *Iqbal/Twombly* standard is arguably more helpful in this regard. It concluded that to plead joint infringement there must be "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed . . ." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).

Based on these cases, the Court finds Defendants' counterclaim for patent infringement as to Creative Outdoor fails to allege sufficient facts to state a claim for relief under *Iqbal* and *Twombly*. At the very least, Defendants' counterclaim needs to include facts sufficient to allow a reasonable inference that each limitation of one of the asserted patent claims is performed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-00432 AG (JCGx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | BRIAN HOROWITZ ET AL. v. YISHUN CHEN ET AL. | | |

The Court also advises Defendants to refer to *Disc Disease*, 2018 WL 2011468, at *3 as one example of a patent infringement claim that met the plausibility standard.

## 4. DISPOSITION

The Court GRANTS Plaintiffs' motion, as previously explained. (Dkt. No. 76.) Defendants may file a first amended counterclaim within 7 days of this order.

: 0

Initials of Preparer    lmb