David S. Lin, State Bar No. 156110
**LAW OFFICES OF DAVID S. LIN**
Attorney at Law
80 S. Lake Ave., Suite 512
Pasadena, CA 91101
Telephone: 626.792.9688
Facsimile: 626.792.9116

Attorney for Defendants/Counter-Complainants,
ZHAOSHENG CHEN and YISHUN CHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRIAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOROWITZ and CREATIVE OUTDOOR DISTRIBUTORS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YISHUN CHEN, ZHAOSHENG CHEN and YUE ZHANG, <br><br> Defendants. <br><br>_____<br><br> ZHAOSHENG CHEN, an individual; and YISHUN CHEN, an individual; <br><br> Counter-Claimant, <br><br> v. <br><br> BRIAN HOROWITZ and CREATIVE OUTDOOR DISTRIBUTORS USA, INC., and DOES 1-20, inclusive <br><br> Counter-Defendants. | Case No. 8:17-CV-00432 AG (JCGx) <br><br> Hon. Andrew J. Guilford, Judge Presiding <br><br> **DEFENDANTS ZHAOSHENG CHEN AND YISHUN CHEN'S FIRST AMENDED COUNTERCLAIMS AGAINST PLANTIFF/COUNTER-DEFENDANTS BRIAN HOROWITZ AND CREATIVE OUTDOOR DISTRIBUTORS USA, INC. FOR:** <br><br> **(1) DIRECT INFRINGEMENT OF THE 686 PATENT** <br><br> **(2) INDIRECT INFRINGEMENT OF THE 686 PATENT** <br><br> **(3) INVALIDATION OF THE 154 PATENT** <br><br> **(4) INVALIDATION OF THE 739 PATENT** <br><br> **DEMAND FOR JURY TRIAL** |

## COUNTER-CLAIMS

1. For their first amended counterclaims against Plaintiffs/Counter-Defendants BRIAN HOROWITZ and CREATIVE OUTDOOR DISTRIBUTORS USA, INC., Defendants/Counter-Claimants ZHAOSHENG CHEN and YISHUN CHEN (hereinafter "Counter Claimants CHENS") allege as follows:

## THE PARTIES

2. Counter Claimants CHENS are and were at all times relevant to this Action, individuals residing in the County of Los Angeles, State of California.

3. Counter Claimants CHENS own and manage EVERYDAY SPORT, Inc., a California Corporation, incorporated in the State of California and doing business in the County of Los Angeles.

4. Plaintiff/Counter Defendant BRIAN HOROWITZ ("Counter Defendant HOROWITZ") is and was at all times relevant to this Action, an individual residing in the county of Orange, State of California.

5. Plaintiff/Counter Defendant CREATIVE OUTDOOR DISTRIBUTORS USA, INC. (hereinafter "Counter Defendant CREATIVE OUTDOOR") is, and was at all times relevant to this Action, a corporation incorporated in the State of California and doing business in the County of Los Angeles, State of California.

6. Upon information and belief, Counter Defendant HOROWITZ is the true owner of Counter Defendant CREATIVE OUTDOOR as represented and admitted to by Counter Defendant HOROWITZ himself to the U.S. Bankruptcy Court in a prior chapter 13 bankruptcy filed in December 2014. A true and correct copy of Counter Defendant CREATIVE OUTDOOR's Chapter 13 Bankruptcy Petition is attached to this First Amended Counterclaim as Exhibit A and is hereby incorporated by reference herein. [See Pages 3, 6, 7, 30, 38 to Exhibit A, in particular, page 7, Counter Defendant HOROWITZ's signed declaration attesting to be the 100% shareholder owner of Counter Defendant CREATIVE OUTDOOR.

7. Counter Claimants CHENS are ignorant of the true names and capacities of the Cross Defendants as sued as DOES 1-20, inclusive, and therefore sue these Counter-Defendants by these fictitious names. Counter Claimants CHENS will amend this Cross Complaint to allege such Counter Defendants true names and capacities when the same have been ascertained. Counter Claimants CHENS are informed and believes, and based thereon allege that, each of the fictitiously named Counter Defendants is in some actionable manner legally responsible for the acts alleged herein.

8. Counter Claimants CHENS are informed and believe, and based thereon allege that, each of the Counter Defendants sued herein, whether named or named fictitiously was the agent, employee, servant, principal, partner, or co-adventurer of each of the other Counter Defendants and in doing the things herein alleged, was acting within the course and scope of said agency, representation, employment or such other alleged capacity. The acts and conduct alleged herein of each such Counter Defendants were known to, authorized and ratified by each and every remaining Counter Defendants.

9. Whenever and wherever reference is made in these Counterclaims to any act or failure to act by a Counter-Defendant or co-counter-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Counter-Defendant acting individually, jointly and severally.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §1331, 1338, 1367 and 2201.

11. This Court has personal jurisdiction over Counter-Defendants HOROWITZ and CREATIVE OUTDOOR because they have subjected themselves to the jurisdiction of this Court in this case by filing the Complaint.

12. Venue is proper in the Central District pursuant to 28 U.S.C §1391 (b) and (c) and/or §1400 (b) because Counter-Defendants reside in this District and a substantial part of the events giving rise to the counterclaims alleged herein occurred in this District.

## CHENS' INNOVATIONS

13. Counter-Claimant YISHUN CHEN was an engineer in mechanical design and has been involved in designing merchandise goods and products in the past such as folding chairs and folding wagons for over thirty years. Counter-Claimant ZHAOSHENG CHEN is the son of YISHUN and assists YISHUN in the product designing process of their products, including their wagon patent design of the 686 Patent, which they have been adjudicated to be the original inventor and designer as well as the proper owner of said Patent.

14. In or about late 2006, Counter-Claimants CHENS developed a series of wagons, which features a folding design, with a rear basket that could collapse and fold into a flatter form that could be more easily transported and stored.

15. This wagon design has a stowed position and an open position. The stowed position is for transportation when it is empty. The open position is deployed when it is needed to carry weighted loads.

16. The sides and bottom of the wagon design features diagonal folding members, supplemental links, and horizontal flatbeds. These mechanisms to allow the wagon to change from a folding position and stowed position.

17. The wagon design also features wheels and a pulling mechanism for transportation of the wagon.

## CHENS' ASSERTED PATENTS

18. On or about October 10, 2008, U.S. Patent No. 8,011,686 ("the 686 Patent"), titled FOLDING WAGON, was issued to Counter-Claimants CHENS. A true and correct copy of the 686 Patent is attached to this First Amended Counterclaim as Exhibit B and is hereby incorporated by reference herein.

19. All rights, title, and interest in the 686 Patent have been assigned to Counter-Claimants CHENS, who are the true and sole owners of the 686 Patent.

20. The 686 Patent is generally directed towards a folding wagon, with a folding frame with a stowed position and an open position, and a central flatbed support joint folds upward

-4-

when the folding frame is being configured into stowed position, and the plurality of flatbed supports are pivotally connected to the pair of front vertical supports and the pair of rear vertical supports.

## HOROWITZ'S FRAUDULENT CONDUCT

21. In or about May, 2008, Counter Claimants CHENS brought a sample of their wagon and were approached by Counter Defendant HOROWITZ, who represented himself as the owner of his former company, ON THE EDGE MARKETING, INC. At this meeting, Counter Defendant HOROWITZ admired the design of the Counter Claimants CHENS' folding wagon and exchanged business cards. Counter Defendant HOROWITZ requested Counter Claimants CHENS to schedule a visit to his company so he could potentially purchase Counter Claimants CHENS' folding wagons and do business with each other.

22. Shortly thereafter, Counter Claimants CHENS started to engage in a business relation with Counter Defendant HOROWITZ in which HOROWITZ started to order wagons from Counter Claimants CHENS and Counter Claimants CHENS became Counter Defendant HOROWITZ's wagon supplier for the CHENS' wagon products, of whom HOROWITZ was a customer of their wagons. Counter Claimants CHENS subsequently entered into multiple distributorship contracts with Counter Defendant HOROWITZ and his prior company, BAM.

23. However, on or about early August 2011, Counter Defendant HOROWITZ fraudulently duped and deceived Counter Claimants CHENS into signing off on two Assignment Forms prepared by Counter Defendant HOROWITZ and his agents which sought to improperly and fraudulently transfer Counter Claimant CHENS' patent rights on their wagon patent applications, including the one of which later became the 686 Patent, pursuant to the countless lies and acts of fraudulent deception carried out by Counter Defendant HOROWITZ, which fraud was discovered and uncovered by Counter Claimants CHENS in or about early 2012.

24. After discovery of Counter Defendant HOROWITZ's fraudulent conduct, Counter Claimants CHENS filed a state court Action in late 2012 in the Los Angeles County, Pomona Superior Court, Case No. KC065334 against Defendants, including Counter Defendant

HOROWITZ, and his company, BAM, after attempts at informal resolution failed. Due to Counter Defendant HOROWITZ's multiple attempts to delay the trial of the state court action through multiple avenues, including filing for personal bankruptcy in early 2013. The Trial in the State Court Case was substantially delayed and thereafter, was not officially conducted and concluded in a 2 week Trial until late August 2017. As set forth in the State Court's Statement of Decision issued after the State Court Trial, the State Court issued a verdict for damages in excess of $4 million, including $2 million compensatory damages and $2 million punitive damages against all Defendants, including Counter Defendant HOROWITZ personally, and ordered Counter Defendant HOROWITZ to file and sign any necessary documents with the USPTO to promptly transfer back proper title ownership of all involved wagon patents, including the 686 Patent which is at issue again in this Case, as improperly filed and re-alleged by Counter Defendant HOROWITZ in this present Action filed against Counter Claimants CHENS.

25. On this basis as set forth in paragraphs 21 through 24, Counter Defendant HOROWITZ is and was fully cognizant and aware of all details and claims of the 686 Patent when he filed for Patents 9,145,154 and D748,739S, on or about September 19, 2014 and February 2, 2016, respectively.

26. Upon information and belief, Counter Defendant HOROWITZ did not and failed to disclose to the United States Patent and Trademarks Office ("USPTO"), certain information that is and was material to patentability of the 154 and 739 Patents that is and was clearly known, or should have been known, to Counter Defendant HOROWITZ, to wit, the details and claims of Counter Claimant CHENS' 686 Patent and potential infringement of his patents submitted for approval to the USPTO at the time when he filed these two Patents, 154 and 739, as required and mandated by 37 C.F.R §1.56(a), thereby constituting fraud and inequitable conduct in his conscious and purposeful failure to do so.

## HOROWITZ'S INVALID PATENTS

27. On or about September 19, 2014, U.S. Patent No. 9,145,154 ("the 154 Patent"), titled FOLDING WAGON, was issued to Counter Defendant HOROWITZ. A true and correct copy of the 154 Patent is hereby attached as Exhibit C, and is hereby incorporated by reference herein.

28. The 154 Patent is generally directed towards a folding wagon, with a folding frame with a stowed position and an open position, and a central flatbed support joint folds upward when the folding frame is being configured into stowed position, and the plurality of flatbed supports are pivotally connected to the pair of front vertical supports and the pair of rear vertical supports.

29. Upon information and belief, and on that basis Counter Claimants allege that the 154 Patent lacks the requisite novelty to be properly patented. Each and every one of the 23 claims as set forth in the 154 patent is either expressly or inherently described in the prior, properly filed 686 Patent owned by Counter Claimants CHENS.

30. As stated, upon information and belief, and on that basis Counter Claimants further allege that Counter Defendant HOROWITZ did not disclose to the Patent Office information that is material to patentability that is and was known, or should have been known to Counter Defendant HOROWITZ when he filed for the 154 patent, as required by 37 C.F.R §1.56(a), thereby constituting fraud and inequitable conduct in his action undertaken, as set forth herein through paragraphs 18 to 26.

31. On or about February 2, 2016, U.S. Patent No. D748,739 ("the 739 Patent"), titled FOLDING WAGON, was issued to Counter-Defendant HOROWITZ. A true and correct copy of the 154 Patent is hereby attached as Exhibit C, and is hereby incorporated by reference herein.

32. The 739 Patent is generally directed towards a folding wagon, with an ornamental design. A true and correct copy of the 739 Patent is hereby attached as Exhibit D, and is hereby incorporated by reference herein.

33. Upon information and belief, and on that basis Counter Claimants allege that the 739 Patent lacks the requisite novelty to be properly patented. Each and every of the one element as

set forth in the 154 patent is either expressly or inherently described in the prior, properly filed 686 Patent owned by Counter Claimants CHENS.

34. A comparison of the 154 Patent and the 739 Patent, improperly filed by Counter Defendant HOROWTIZ, to the Counter Claimant CHENS' 686 Patent makes apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar.

35. A true and correct copy of a detailed comparison between Counter Claimants CHEN's original and properly filed 686 Patent and Counter Defendant HOROWITZ's 154 Patent is attached to this First Amended Counterclaim as Exhibit E and is hereby incorporated by reference herein.

36. As stated, upon information and belief, and on that basis Counter Claimants further allege that Counter Defendant HOROWITZ did not disclose to the Patent Office information that is material to patentability that is and was known, or should have been known to Counter Defendant HOROWITZ when he filed for the 739 patent, as required by 37 C.F.R §1.56(a), thereby constituting fraud and inequitable conduct in his action undertaken, as set forth herein through paragraphs 18 to 26.

### CREATIVE OUTDOOR'S INFRINGING PRODUCTS

37. Counter Defendant CREATIVE OUTDOOR makes, uses, sells, offers to sell, and/or imports into the United States and this District products and services that utilize the properly patented inventions in Counter Claimant CHENS's 686 Patent.

38. Counter Defendant CREATIVE OUTDOOR sells these infringing products on online platforms such as Amazon.com and Ebay.com.

39. Attached hereto as Exhibit F is a list of hyperlinks to all products Counter Claimants CHENS was able to find in their investigation conducted into the infringing products, they allege is currently being sold improperly and wrongfully by Counter Defendant CREATIVE OUTDOORS which products are infringing on the 686 Patent.

40. Upon information and belief and on that basis Counter Claimant CHENS allege that there are still undiscovered infringing products Counter Defendant CREATIVE OUTDOOR are selling, either in brick-and-mortar stores or on online platforms that directly infringes upon Counter Claimant CHENS' 686 Patent. Upon information and belief and on that basis Counter Claimant CHENS allege that there are still undiscovered infringing products Counter Defendant CREATIVE OUTDOOR have sold, as well in brick-and-mortar stores and other online platforms that directly infringes upon Counter Claimant CHENS' 686 Patent.

41. A comparison of the alleged Infringing Products and the 686 Patent makes apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar.

### HOROWITZ'S ACTS OF INDIRECT INFRINGEMENT

42. Upon information and belief, Counter Defendant HOROWITZ is the true owner of Counter Defendant CREATIVE OUTDOOR as represented and admitted to by HOROWITZ himself in the U.S. bankruptcy petition filed in the prior chapter 13 bankruptcy filed by Counter Defendant CREATIVE OUTDOOR in December 2014. (See Exhibit A Pages 3, 6, 7, 30, 38. In such bankruptcy papers filed, Counter Defendant HOROWITZ admits to be the sole owner and 100% shareholder of CREATIVE OUTDOOR, see in particular page 7 or 49 of the Bankruptcy Petition.) Upon information and belief, Counter-Defendant HOROWITZ owns and continues to control Counter Defendant CREATIVE OUTDOOR despite contentious and misrepresentations made to the contrary to this Court in this Action filed that CREATIVE OUTDOOR's current CEO and the alleged "owner" is Heather Smulson.

43. Upon information and belief, and on that basis Counter Claimants CHENS allege that Counter Defendant HOROWITZ knowingly and actively aided and abetted the direct infringement of the 686 Patent by CREATIVE OUTDOOR, by directing CREATIVE OUTDOOR to make, use, sell, offer to sale, and/or import into the United States and this Districts products and services that utilize the properly patented inventions in Counter Claimant CHENS's 686 Patent.

## COUNT ONE

### Direct Infringement of the 686 Patent pursuant to 35 U.S.C. §271(a)

44. Counter Claimants CHENS incorporate reference of paragraphs 1 through 43 of this Counterclaims as if fully set forth herein.

45. Counter Defendant CREATIVE OUTDOORS have infringed and continues to infringe Claims 1 through 3 of the 686 Patent in violation of 35 U.S.C. §271(a).

46. Counter Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

47. Counter Defendants' acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Counter Claimants CHENS.

48. Counter Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or for sale of Defendant CREATIVE OUTDOORS's products, as fully set forth herein paragraphs 35 through 39.

## COUNT TWO

### Indirect Infringement of the 686 Patent pursuant to 35 U.S.C. §271(b)

49. Counter Claimants CHENS incorporate reference of paragraphs 1 through 48 of this Counterclaims as fully set forth herein.

50. Counter Defendant HOROWITZ have induced and continues to induce infringement of Claims 1 through 3 of the 686 Patent under 35 U.S.C. §271(b).

51. Counter Defendant HOROWITZ indirectly infringes the 686 Patent pursuant to 35 U.S.C. §271(b) by instructing, directing, and/or requiring others, including customers, purchasers, users, and developers, to perform some of the steps of the method claims, either literally or under the doctrine of equivalents, of the 686 Patent, where all the steps of the method claims are performed by either Counter Defendant HOROWITZ or his customers, purchasers, users or developers, or some combination thereof.

CHENS' ANSWER AND COUNTERCLAIMS FOR DAMAGES

52. Counter Defendant HOROWITZ knowingly and actively aided and abetted the direct infringement of the 686 Patent by instructing and encouraging its customers, purchasers, users and developers to use the Accused Products. Such instructions and encouragement included, but are not limited to, while acting as the officer, and then later, continues to control Counter Defendant CREATIVE OUTDOOR via a non-disclosure agreement entered into with CREATIVE OUTDOOR's current CEO and the alleged "owner" Heather Smulson, instructing and directing the making, using, importing, selling, and/or offering for sale of the infringing products and services as have been made and undertaken without the permission, consent, authorization, or license of Counter Claimants CHENS.

### COUNT THREE

**Declaration of Invalidity and Unenforceability of the 154 Patent**

53. Counter Claimants CHENS incorporate reference of paragraphs 1 through 52 of this Counterclaims as if fully set forth herein.

54. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment invalidating the 154 Patent.

55. The 154 Patent lacks the requisite novelty as required by 35 U.S.C. §102. Every single claim of the 154 Patent are found, either expressly or inherently described, in Counter Claimant CHENS' 686 Patent. (See Exhibit C.)

56. Upon information and belief, and on that basis Counter Claimants allege that Counter Defendant HOROWITZ did not disclose to the Patent Office information that is material to patentability that is known to Counter Defendant HOROWITZ when he filed for the 154 patent, as required by 37 C.F.R §1.56(a), constituting fraud and inequitable conduct, as set forth herein through paragraphs 18 to 21. Specifically, Defendant HOROWITZ filed a substantially similar patent, the 154 Patent, after fraudulently deceiving Counter Claimants CHENS into signing off on the two Assignment Forms, seeking to improperly and fraudulently transfer the ownership of the patent, which later became the 686 Patent, to Counter Defendant HOROWITZ.

57. Therefore, Counter Claimant CHENS are properly and legally entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the 154 Patent.

58. Counter Claimant CHENS are also entitled to a declaratory judgment that the 154 patent is invalid because the 154 Patent does not meet the novelty requirement as was as issued because of Counter Defendant HOROWITZ's fraudulent and inequitable conduct, in light of its infringement upon the 686 Patent.

## COUNT FOUR

### Declaration of Invalidity and Unenforceability of the 739 Patent

59. Counter Claimants CHENS incorporate reference of paragraphs 1 through 58 of this Counterclaims as if fully set forth herein.

60. As a result of the acts described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment invalidating the 739 Patent.

61. The 739 Patent lacks the requisite novelty as required by 35 U.S.C. §102. Every single claim of the 739 Patent are found, either expressly or inherently described, in Counter Claimant CHENS' 686 Patent. (see Exhibit D)

62. Upon information and belief, and on that basis Counter Claimants allege that Counter Defendant HOROWITZ did not disclose to the Patent Office information that is material to patentability that is known to Counter Defendant HOROWITZ when he filed for the 154 patent, as required by 37 C.F.R §1.56(a), constituting fraud and inequitable conduct, as set forth herein through paragraphs 18 to 21. Specifically, Defendant HOROWITZ filed a substantially similar patent, the 739 Patent, after fraudulently deceiving Counter Claimants CHENS into signing off on the two Assignment Forms, seeking to improperly and fraudulently transfer the ownership of the patent, which later became the 686 Patent, to Counter Defendant HOROWITZ.

63. Therefore, Counter Claimant CHENS are properly and legally entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the 739 Patent.

64. Counter Claimant CHENS are also entitled to a declaratory judgment that the 154 patent is invalid because the 739 Patent does not meet the novelty requirement as was as issued because of Counter Defendant HOROWITZ's fraudulent and inequitable conduct, in light of its infringement upon the 686 Patent.

## PRAYER FOR RELIF

WHEREFORE, Counter Claimants YISHUN CHEN and ZHAOSHENG CHEN pray for judgment and relief as follows:

A. An entry of judgment holding that Defendants have infringed and is infringing upon the 686 Patent, and have induced infringement and is inducing infringement of the 686 Patent.

B. A preliminary and permanent injunction against Defendants and their officers, employees, agents, servants, attorneys, instrumentalities, and/or in privity with them, from infringing the 686 Patent, or inducing the infringement of the 686 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283.

C. An award to Counter Claimants CHENS of such past damages, not less than a reasonable royalty, as it shall prove at the time of Trial against Defendants that is adequate to fully compensate Counter Claimants CHENS for Defendants' infringement of the 686 Patent.

D. A determination that Defendants' infringement has been willful, wanton, and deliberate and that the damages against it be increase up to treble on this basis or for any other basis in accordance with the law.

E. A finding that this case is "exceptional" and an award to Counter Claimants CHENS of its coast and reasonable attorneys fees, as provided by 35 U.S.C. §285.

F. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the 686 Patent.

G. A declaratory judgment invalidating Counter Defendant HOROWITZ's 154 Patent.

H. A declaratory judgment that they have not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the 154 Patent.

I. A declaratory judgment invalidating Counter Defendant HOROWITZ's 739 Patent.

J. A declaratory judgment that they have not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the 739 Patent.

K. Any other such further and other relief this Court may deem just and proper.

### **DEMAND OF JURY TRIAL**

Counter-Claimant ZHAOSHENG CHEN and YISHUN CHEN hereby and demand a Jury Trial in this Action.

Dated: June 1, 2018

                            LAW OFFICES OF DAVID S. LIN

                            By /s/ David S. Lin
                                David S. Lin, Esq.
                                Attorneys for Defendants/Counter Claimants
                                YISHUN CHEN and
                                ZHAOSHENG CHEN

**CHENS' ANSWER AND COUNTERCLAIMS FOR DAMAGES**