UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

| Present: The Honorable | Douglas F. McCormick |
|---|---|

| Nancy Boehme | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order re: Plaintiffs' Motion for Sanctions Against Yishun Chen and David Lin and Motion to Compel Yishun Chen to Submit to an Additional Deposition (Dkt. 89)

    Plaintiffs Brian Horowitz and Creative Outdoor Distributors USA Inc. ("Plaintiffs") seek sanctions against Defendant Yishun Chen ("Chen") and his counsel, David Lin, and move for an order compelling Chen to submit to an additional deposition. See Dkt. 89 ("Motion"). For the following reasons, the Motion is GRANTED, Chen is ordered to submit to an additional deposition, and Chen and his counsel are ordered to pay sanctions in the amount of $7,509.29 within fourteen (14) days of the date of this order.

**1.0**    **Background**

    **1.1**    **Procedural Background**

    On May 12, 2017, Plaintiffs filed a first amended complaint against Yishun Chen and Zhaosheng Chen. See Dkt. 17 ("FAC"). Yishun Chen and Zhaosheng Chen filed a motion to dismiss the FAC, see Dkt. 18 ("Motion to Dismiss"), Plaintiffs filed an opposition, see Dkt. 20, and Yishun Chen and Zhaosheng Chen filed a reply, see Dkt. 21.

    On July 21, 2017, Plaintiffs filed a Joint Report Rule 26(f) Discovery Plan. See Dkt. 24 ("Rule 26(f) Report").

    On October 2, 2017, the parties attended a scheduling conference before the Court, and the Court granted Defendants' Motion to Dismiss with leave to amend. See Dkts. 33, 35. On January 29, 2018, Plaintiffs filed a second amended complaint. See Dkt. 61 ("SAC"). On February 14, 2018, Plaintiffs' former counsel, David Mannion, deposed Yishun Chen, who was represented by David Lin. See Motion at 34-91 ("Chen Deposition").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

On May 31, 2018, Defendants filed a first amended counterclaim. See Dkt. 88. On June 6, 2018, Plaintiffs filed a Joint Stipulation re: Plaintiffs' Motion, see Dkt. 89 ("Motion"), and Plaintiffs' counsel filed a declaration, see Dkt. 90 ("Gibby Declaration"), and a Notice of Motion, see Dkt. 91. Rather than complete their portion of the Joint Stipulation, Defendants instead filed a response in opposition to the Joint Stipulation. See Dkt. 92 ("Response"). The case was then transferred to this Court because the previously assigned Magistrate Judge was no longer available. See Dkt. 93. Chen filed an Opposition to Plaintiffs' Motion, see Dkt. 97 ("Opposition"), and Plaintiffs filed an Answer to Defendants' First Amended Counterclaim, see Dkt. 98.

    **1.2    Factual Background**

The parties' Rule 26(f) Report stipulated that the following terms would guide their depositions:

> Notwithstanding anything to the contrary in Fed. R. Civ. P. 30, the Parties may take a total of 12 depositions each (including party and non-party depositions) with each deposition running up to 8 hours. This limitation shall be without prejudice to the parties' rights to seek leave of Court to conduct more than the aforementioned number of depositions, or to depose the same deponent more than once, pursuant to Fed. R. Civ. P. 30(a)(2). In addition, depositions will be conducted in accordance with the following procedures:
>
> 1.    At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.
>
> 2.    All objections, except those which would be waived if not made at the deposition under Federal Rule of Civil Procedure 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Federal Rules of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.
>
> 3.    Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.
>
> 4.    Counsel shall not make objections or statements which might suggest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

an answer to a witness. Counsels' statements when making objections shall be succinct and verbally economical, stating the basis of the objection and nothing more, *e.g.*, "objection, form;" "objection, vague."

     5.    Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks and recesses, except for the purpose of deciding whether to assert a privilege.

     6.    Any conferences which occur pursuant to, or in violation of, the preceding paragraph are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

     7.    Any conferences which occur pursuant to, or in violation of, paragraph 5 shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

     8.    Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

     9.    The plaintiffs shall take number 1 – 200 for their deposition exhibits and defendants shall take numbers 201 upwards. The parties will retain the same exhibit numbers for trial as were used during depositions. All documents produced during discovery shall be bates-numbered by the producing party.

Rule 26(f) Report at 5-6.

**2.0**    <u>**Legal Standard**</u>

    "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Here, the parties have stipulated to exceed that limit, with each deposition running up to 8 hours. <u>See</u> Rule 26(f) Report at 6. "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The advisory committee notes to Rule 30(d) instruct that the party seeking an extension beyond the presumptive seven hours show "good cause" for such an order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

The Court's authority to sanction a party stems from its inherent power to impose sanctions in response to litigation misconduct. See Chambers v. NACSO, Inc., 501 U.S. 32, 45-46 (1991) (recognizing inherent power of courts to impose appropriate sanctions where conduct disrupts judicial process). Sanctions under the Court's inherent power are available if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).

The Court's authority also stems from Federal Rule of Civil Procedure 37, under which sanctions are available against a party "who fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A), (C); Lewis v. Ryan, 261 F.R.D. 513, 518 (S.D. Cal. 2009). Available sanctions range from monetary sanctions to adverse inference instructions to dismissal. Keithley v. Home Store.com, Inc., No. 03-04447, 2008 WL 3833384, at *2 (N.D. Cal. Aug. 12, 2008). The Court need not find bad faith before imposing these sanctions. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) ("We have not required a finding of bad faith on the part of the attorney before imposing sanctions under Rule 37."); Keithley, 2008 WL 3833384 at *3 ("Sanctions for violations of Rule 37 . . . may be imposed for negligent conduct.").

In deciding whether to grant a motion for sanctions under Rule 37(b)(2)(A) for noncompliance with discovery, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002); Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." Computer Task Group, Inc., 364 F.3d at 1115. "Therefore, it is the third and fifth factors that are decisive." Payne, 121 F.3d at 507. Finally, a court should ensure that any sanctions order is narrowly tailored to fit the circumstances in a given case. Keithley, 2008 WL 3833384, at *4.

### 3.0   Analysis

Plaintiffs seek an order compelling an additional deposition of Yishun Chen and monetary sanctions to cover the attorney's fees and costs of Chen's first deposition. See Motion at 6. Plaintiffs contend that Lin made improper speaking objections, coached the witness, instructed the witness not to answer, took breaks while questions were pending, and ended the deposition one hour early. See id. at 7-8. Plaintiffs also contend that Lin acted unprofessionally by insulting Mannion and Horowitz. See id. at 7-8.

In general, objections during depositions are noted for the record but the deposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

proceeds and testimony is taken subject to any objection. See Fed. R. Civ. P. 30(c)(2). Constant interference during a deposition is a "'blatant and egregious' discovery violation[]." Claredon Nat'l Ins. Co. v. Foley & Bezek, LLP, No. 00-11641, 2001 WL 1223486, at * 1 n.2 (C.D. Cal. Jul. 26, 2001). A witness being deposed may not confer with his counsel during a deposition unless the conference is for the purpose of determining whether an applicable privilege should be asserted. See Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa 1993).[1]

Plaintiffs' contentions about Lin's improper behavior during Chen's deposition are well-taken. The record shows that Lin and Chen repeatedly left the room together while a question was pending. See, e.g., Chen Deposition at 46:19-48:19, 127:1-129:15, 159:19-160:17. Before one such break, Mannion asked Chen a question, to which Chen responded "I need to ask my attorney. I hired him." Id. at 127:8-127:9. After Mannion stated that Chen could not do so while a question was pending, Lin responded "He's asking to confer with me outside. We're going to go ahead and take a five-minute, ten-minute break. I can confer with my client on answering these questions." Id. at 127:20-127:23. While Defendants contend that the frequent breaks were necessary because of Chen's age, see Response at 3, the transcript demonstrates that Lin and Chen were unwilling to give any notice before abruptly leaving the deposition for a break. See id. at 160:7-161:21. Nothing in the records supports the conclusion that these conferences were anything but improper.

Lin also improperly instructed Chen not to answer questions throughout the deposition. Federal Rule of Civil Procedure 30 notes that counsel "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[2] Lin's countless instructions not to answer questions were not to enforce a court order, and the vast majority were not to preserve a privilege as Rule 30 permits. For example, Mannion asked Chen, "Do you know what every part of the wagon does?" Chen Deposition at 102:3-102:4. Lin objected, stating "It's been asked and answered. You don't need to answer. You already answered." Id. at 102:14-102:16. When Plaintiff's counsel repeated the question, defense counsel stated, "Same objection. Asked and answered. He's already answered the same question. You don't need to answer," and then instructed Defendant not to answer. Id. at 102:21-102:24. Similarly, when Plaintiff's counsel asked Chen whether only new inventions can be patented, Lin again objected, stating, "Objection. Asked and answered. Instruct the client he doesn't need to answer the question again. Ask a proper question that he can answer." Id. at

---

[1] The parties agreed that "[c]ounsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether or not to assert a privilege." Rule 26(f) Report at 6.

[2] The parties also specifically agreed that "[c]ounsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court." Rule 26(f) Report at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

149:18-21. Not only was the objection likely unfounded as the question had not been answered, see id. at 147:25-149:21, but that determination is also one for the Court to make rather than counsel during the deposition.

     Additionally, Lin frequently made speaking objections to coach Chen and re-phrase Mannion's questions to elicit more favorable responses. As but one example, when Mannion asked Chen whether he could "think of any reason [he would] be unable to tell the truth today," Lin objected, claiming that this was an improper question, and demanded that Mannion "[j]ust ask him if his heart medication will impact upon his ability to give his best testimony . . . today." Id. at 56:6-56:16. Rather than succinctly object to the question's form for the record, Lin improperly reframed the question with specific information, thus cuing Chen's response. Similarly, Mannion asked Chen, "Did you review any engineering textbooks to come up with the idea for the diagonal folding crossbars?" Id. at 163:23-163:25. Lin then objected, and added "just so you understand the question, he's limiting it just to the idea of the crossbar, not the actual invention of the wagon." Id. at 164:8-164:10. Lin used his speaking objections to coach Chen on what issues to address.

     Finally, Lin was disrespectful and personally attacked Plaintiff's counsel in a way that is wholly unsuitable for a deposition or any other litigation proceeding. He derided Mannion's questioning with a personal attack, asking, "My God, Counsel. Have you ever taken a deposition before?" Id. at 35:13-35:14. Later, when refusing to state his objections succinctly, he explained that he was "trying to avoid wasting all this time on these stupid, ridiculous questions." Id. at 59:15-59:16. These types of comments would have no place in a courtroom, and they accordingly have no place in a deposition proceeding. To make matters worse, the Court's review of the deposition transcript strongly suggests that Lin's antagonistic behavior emboldened Chen to be uncooperative, rendering the deposition nearly wholly ineffective.

     The obstruction of Chen's deposition necessarily implicates both the interest in expeditious resolution of litigation and the Court's need to effectively manage its docket—the first two factors addressed in Rios Properties International, 284 F.3d at 1022—and weighs in favor of sanctions. Their behavior has impeded Plaintiffs' ability to prosecute their case. It likewise may threaten the Court's ability to adhere to its trial schedule.

     The third factor—risk of prejudice to Plaintiffs—also weighs in favor of sanctions. Because Chen, a defendant in this case, refused to meaningfully participate in the deposition, Plaintiffs face the remainder of discovery, and ultimately a trial date, without crucial information from Defendants. Lin and Chen's failure to meaningfully participate in the deposition has thus impaired Plaintiffs' ability to prosecute their case.

     The fourth factor—the general policy favoring resolution of cases on their merits—does not weigh against monetary sanctions and the ordering of an additional deposition, but rather against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

case-dispositive sanctions, and thus does not affect the Motion.

Finally, the fifth factor—availability of less drastic sanctions—weighs in favor of ordering Chen to submit to an additional deposition and monetary sanctions covering the reasonable costs and fees of Chen's first deposition. Rather than order case-dispositive sanctions, these sanctions allow Plaintiffs to recoup their monetary and time-based costs with the least drastic sanctions available. Considering all five factors, the Court concludes that monetary sanctions and ordering Chen to submit to an additional deposition are warranted.

The Court finds that monetary sanctions in the form of attorney's fees and costs are warranted. Lin and Chen's behavior through coaching, breaks, and frequent unprofessional comments wasted a large portion of Chen's deposition time and forced Plaintiffs to seek the Court's intervention. A monetary sanction is warranted to make Plaintiffs whole.

Plaintiffs seek monetary sanctions of $25,118.42 to reimburse them for the attorney's fees and costs incurred during the first deposition. See Motion at 9. Plaintiffs' out-of-pocket costs associated with the first deposition are warranted. The Court finds that the following costs are supported by the record:

- $1,121.75 for video services;
- $2,463.50 for court reporter services;
- $936.04 for translation services;[3] and
- $300.00 for eDepoze software use.

Plaintiffs also seek $10,155.13 for litigation support services provided by MotionLit Services, Inc. The record does not support the conclusion that those costs were strictly limited to Chen's deposition (or that they will not be used in the second deposition).

A party seeking the award of attorney's fees "must submit evidence to support the number of hours worked and the rates claimed." Global Ampersand, LLC v. Crown Eng'g & Construction, 261 F.R.D. 495, 502 (E.D. Cal. 2009) (citing Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000)). The Ninth Circuit has adopted the "lodestar" approach for assessing the award of attorney's fees, under which "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). Courts have applied the "lodestar" method to the award of attorney's fees under Rule 37. See Global Ampersand, 261 F.R.D. at 502.

---

[3] Plaintiffs also seek $307.00 for additional translation services that do not appear on their face to be deposition-related.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-00432-AG (DFMx) | Date | September 20, 2018 |
|---|---|---|---|
| Title | Brian Horowitz et al. v. Yishun Chen et al. | | |

    Defendants originally sought $9,835 in attorney's fees, but did not present any evidence showing the hours worked and the rates claimed. The Court accordingly ordered Plaintiffs to submit a supplemental declaration setting forth the hours worked and rates claimed in connection with the first Chen deposition. Plaintiffs submitted a declaration setting forth the hours worked and rates claimed, but reduced the amount sought to $7,938 for attorney's fees and additional costs associated with the Chen deposition. See Dkt. 111. Chen objected to the declaration submitted by Plaintiffs. See Dkt. 112.

    Chen's evidentiary objections to Plaintiffs' declaration are overruled. The Court agrees with Chen that Plaintiffs should not recover for counsel's preparation for Chen's deposition; presumably that preparation will be useful to Chen's second deposition. The Court finds that Plaintiffs have submitted sufficient evidence to support the hours worked and rates claimed related to the first day of Chen's deposition; the Court further finds that the hours expended and hourly rate are reasonable. Additional sanctions of $2,625.00 for attorney's fees and costs of $65.00 are warranted.

**4.0     Conclusion**

    For the reasons stated above, Plaintiffs' Motion is GRANTED. Defendant Yishun Chen is ORDERED to appear for a deposition of no more than 8 hours within twenty-one (21) days of the date of this Order. Chen and his counsel are further ORDERED to pay to Plaintiffs monetary sanctions of $7,509.29 within fourteen (14) days of the date of this order.

                                                                                                                                                                                :

                                                      Initials of Clerk      nb