David S. Lin, State Bar No. 156110
**LAW OFFICES OF DAVID S. LIN**
Attorney at Law
80 S. Lake Ave., Suite 512
Pasadena, CA 91101
Telephone:  626.792.9688
Facsimile:   626.792.9116

Attorney for Defendants YISHUN CHEN and ZHAOSHENG CHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| BRIAN HOROWITZ AND CREATIVE OUTDOOR DISTRIBUTOR USA, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>YISHUN CHEN AND ZHAOSHENG CHEN,<br><br>    Defendants | Case No.: 8:17-cv-00432-AG (jcgx)<br><br>**DECLARATION OF DAVID S. LIN IN SUPPORT OF RESPONDENTS' CONTENTIONS AND POINTS OF AUTHORITIES; ATTACHED EXHIBIT NOS. 1-8**<br><br>Discovery cutoff:  November 30, 2019<br>Pretrial conference: February 3, 2020<br>Trial date:  February 18, 2020<br>Hearing date:<br>Time:<br>Courtroom: |

1

# DECLARATION OF DAVID S. LIN, ESQ.

1.	I am an attorney at law, duly licensed to practice before the courts of the State of California. I am an attorney with the Law Offices of David S. Lin, attorney of record for Defendants, YISHUN CHEN, an individual, and ZHAOSHENG CHEN, an individual, in the above captioned matter. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would competently testify thereto.

2.	During Defendant YISHUN CHEN's second deposition in this case, Plaintiff's counsel, Mr. Darrell Gibby, was allowed virtually unfettered questioning of Mr. Chen for over 8 hrs time throughout which the majority, if not entirety, of the second session of this deposition taken, no extensive improper objections were raised and stated which would give rise to any legitimate claims of obstruction in the deposition process.

3.	I am and was cognizant of the Court's prior Order and admonishment not to engage in setting forth of improper objections to questions at deposition, and in fact, allowed opposing counsel for Plaintiff Horowitz, Mr. Gibby carte blanche deposition questioning throughout the entirety of his additional 8 hours of deposition questioning in this second deposition session of

2

Defendant YISHUN CHEN taken, which Mr. Gibby himself acknowledged his appreciation of to me during deposition breaks taken.

4. During a deposition break taken in this case, I inquired of my client, Defendant YISHUN CHEN, as to whether he had correctly or accurately testified as to the time period involved regarding his dealings with Kevin Xia as questioned by Plaintiff's counsel, Mr. Gibby to ensure that he had testified as to the correct time frame involved based on my prior discussions with him on this issue. Mr. Chen's own prior testimony referred to the late 2016/early 2017 time period, not late 2015/early 2016 time period and as such, the simple intent was to correct or clarify this testimony just given if necessary prior to conclusion of his deposition that day.

5. I also made factual statements objecting in regards to the quality and condition of a deposition Exhibit, Exhibit D, as provided by Movants Plaintiff's counsel, Mr. Gibby to Mr. Chen at time of deposition in which Mr. Gibby had attempted to improperly solicit certain responses on this deficient document. There was no intent to improperly coach Mr. Chen to testify in any manner, simply to note for the record the completely illegible nature of the picture on the Exhibit being referenced and to which deposition questions were being asked.

3

6.      I raised my concerns during the deposition about the subject image contained on Plaintiff's Exhibit D, i.e, a fuzzy and unclear picture of a supposed company logo as depicted on a wagon, on a Product Data Sheet, in order to have a clear record that the Exhibit was not clear and was illegible to avoid any misleading testimony for purposes of Trial as the image was objectively unclear, obscure, and illegible and warranted the objections stated and set forth by both Mr. Chen himself and myself (See Plaintiff's Exhibit D document) at deposition.

7.      There was no attempt by me to engage in any improper litigation tactics designed to interfere with or prevent the elicitation of meaningful accurate testimony.

8.      At no point did I ever instruct my clients to refuse and not answer any questions related to this particular Exhibit, Exhibit D as proffered by Plaintiff's counsel, Mr. Gibby at deposition.  At most, I only instructed my client not to guess as to any questions in which he was instructed to improperly guess, which is what Plaintiff's counsel, Mr. Gibby improperly sought to have my client, Mr. Chen do in response to question involving this Exhibit D document.

9.      Moreover, the clarification testimony which was provided by Defendant YISHUN CHEN was given just to clarify and correct his earlier deposition testimony on this particular timing issue, which was within his legal

4

rights to do so.  This clarification on the timing of this issue as it related to this person, Kevin Xia was confirmed, and corroborated by the copy of the Power of Attorney document which was produced at time of Mr. Chen's deposition which further set forth clarified the timing on such grant of authority given to Kevin Xia on these patent enforcement rights on behalf of the Chens.  The POA document was voluntarily produced to Plaintiff's counsel at time of the deposition and this document as stated, substantiated and further supported the referenced and corrected time frame of late 2016 to early 2017 as testified to and properly corrected by Mr. Chen at time of his deposition taken on this case.

10.     Whether Respondent YISHUN CHEN had easily allegedly previously identified the subject logo in a prior deposition taken in a different case matter is completely irrelevant to the issue of whether there was any impropriety in the stated objections raised by me at time of the present recent deposition taken on November 8, 2018.  If true, Plaintiffs and their counsel, Mr. Gibby can properly attempt to introduce such alleged prior deposition testimony given at time of Trial of this matter to seek to question Mr. Chen on this alleged inconsistency in his prior witness deposition testimony provided in this prior State Court Action.

5

11.     Moreover, whether the copy of the Exhibit containing the picture of the wagon with the alleged company logo as provided to Mr. Chen in this recent deposition taken in this federal Action was of the same exact quality and more legible condition as that which was provided to Mr. Chen in this other deposition taken in the State Court Action is further debatable and at-issue.

12.     It is further inappropriately alleged and claimed by Plaintiff's counsel, Mr. Gibby that "Mr. Chen knew this document well as he produced it," which statement made by Mr. Gibby is not only speculation on his part, but contradicted by the evidence.

13.     The legible condition or, for that matter, illegible condition of this same Exhibit was, thus, raised into serious question when this Exhibit was presented at the prior Trial similar to the questions raised to Mr. Gibby's presentation of the same Exhibit at Mr. Chen's second session of his deposition taken in this federal Action.

14.     It should also be properly noted and emphasized that Mr. Chen was, at the time this January 3, 2014 deposition was taken, represented by his then prior counsel, Mr. William L. Niu of the Law Offices of William L. Niu, APLC, when this deposition was conducted over 5 years ago such that Mr. Gibby's legal arguments made, [which arguments and contentions are speculative at best],

6

claiming that I was somehow purposely attempting to obstruct elicitation of Mr. Chen's deposition testimony on this very issue is further completely erroneous and clearly mistaken in his false and untrue claim and implied if not actual contention that I was representing Mr. Chen at time of this prior deposition taken over 5 years ago in the State Court Action when this question was asked.

15. In fact, as the record is clear, I was not representing Mr. Chen at time of this prior earlier deposition taken in the State Court Action back on January 3, 2014, and in fact, did not substitute in as his legal counsel to take over the case from prior counsel, Mr. Niu until in or about April 5, 2017, over 3 years afterwards.

16. Furthermore, this additional argument now being made by Plaintiffs and their counsel, Mr. Gibby as to Mr. Chen's prior deposition testimony allegedly provided in his prior deposition taken serves only to strengthen the legal argument that Plaintiffs in this Action will suffer no undue prejudice in the deposition testimony that was given by Mr. Chen in this federal Action.

17. This is so since the use of such prior deposition testimony given in the State Court Action can be attempted to be used by Plaintiffs and their counsel, Mr. Gibby to seek to impeach or discredit Mr. Chen at time of Trial of this case

7

in questioning and cross-examining him on this very issue and exact same question should Plaintiffs choose or desire to do so.

18. The introduction of Mr. Chen's prior deposition testimony as now referenced by Plaintiffs' in this Motion only serves to cut and undermine Plaintiffs' claim or request for dispositive sanctions to be issued in this case since they are not precluded from cross-examining Mr. Chen at time of Trial of this case on this very question and bring up Mr. Chen's prior deposition testimony given.

19. Attached hereto are true and correct copies of

    a. Attached as Exhibit 1 are true and correct copies of the relevant "meet and confer" e-mail communications between Mr. Lin and Mr. Gibby, as undertaken between December 28, 2018 through January 15, 2019 regarding the within discovery dispute on the issues referenced and Plaintiffs' claims of legal propriety in filing of such a Motion for Sanctions against Defendants and their counsel on this matter, which led to no informal resolution or agreement on this discovery dispute.

    b. Attached as Exhibit 2 is a true and correct copy of the relevant portions of deposition transcript of Defendant YISHUN CHEN

8

pertaining to the time frame in which Kevin Xia was granted a Power of Attorney to enforce Mr. Chen's patent rights.

  c. Attached as Exhibit 3 is a true and correct copy of the relevant portions of the deposition transcript of Defendant YISHUN CHEN pertaining to the illegible nature and condition of the Deposition Exhibit, Exhibit D, as presented to the deponent, Mr. Yishun Chen.

  d. Attached as Exhibit 4 is a true and correct copy of the relevant portions of the deposition transcript of Defendant ZHAOSHENG CHEN Vol. I, pertaining to the illegible nature and condition of the Deposition Exhibit, Exhibit D as presented to the deponent, Mr. Zhaosheng Chen.

  e. Attached as Exhibit 5 is a true and correct copy of the POA Document with English translation as provided to Plaintiffs' counsel, Mr. Gibby at time of Mr. Chen's deposition in this case.

  f. Attached as Exhibit 6 is a true and correct copy of the Exhibit D document, copy of product data sheet with picture of wagon with alleged copy logo on the right hand side of the wagon picture depicted as sought to be introduced by Plaintiffs' counsel Mr. Gibby at deposition.

9

g.  Attached as Exhibit 7 is a true and correct copy of the relevant portions of the prior deposition transcript of Defendant YISHUN CHEN as cited and as was previously taken in the State Court Action back on Jan. 3, 2014 (Chen v. Bam, LASC Case No.KC065334).

h.  Attached as Exhibit 8 is a true and correct copy of the relevant portions of the Trial transcript pertinent to Mr. YISHUN CHEN's witness testimony on this same document issue at the prior Trial in the State Court Action.  (Chen v. Bam, LASC Case No.KC065334).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 1st day of May 2019 at Pasadena, California.


　　　　　　　　　　　　　　　　　　　　　 /s David S. Lin _____
　　　　　　　　　　　　　　　　　　　　　David S. Lin, Esq.