# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BRIAN HOROWITZ., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> YISHUN CHEN, *et al.*, <br><br> Defendants. <br><br>―――――――――――――――――<br><br> YISHUN CHEN, *et al.*, <br><br> Cross-Claimant, <br><br> v. <br><br> CALIBER LEGAL, *et al.*, <br><br> Cross-Defendants. | Case No.: SACV 17-00432-CJC(DFMx) <br><br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS CROSSCLAIMS [Dkts. 188– 189]** |

## I. INTRODUCTION

On March 10, 2017, Plaintiffs Brian Horowitz and Creative Outdoor Distributors USA, Inc. ("Creative") brought this action against Yishun Chen, Zhaosheng Chen (collectively, "the Chens"), Kevin Xia, Everydaysports Outdoor Corporation (collectively, "the Xia Parties"), Yue Zhang, and Caliber Legal, P.C (collectively, "Zhang").  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Horowitz seeks a declaratory judgment that several of the Chens' patents are invalid as well as damages for allegedly false patent infringement notices that Defendants sent to his distributors.  (Dkt. 166 [Fourth Amended Complaint, hereinafter "FAC"] ¶¶ 40–43.)

Zhang is a lawyer and the sole owner of the law firm Caliber Legal, P.C.  Both the Chens and the Xia Parties have filed crossclaims against Zhang for indemnity and negligence.  (Dkts. 179 [the "Chen Crossclaim"], 180 [the "Xia Crossclaim"].)  Now before the Court are Zhang's motions to dismiss these crossclaims.  (Dkts. 188–189.)  Both motions are virtually identical, so the Court will consider them together.  For the following reasons, the motions are **GRANTED IN PART AND DENIED IN PART**.[1]

## II. BACKGROUND

This case arises from a long-running patent dispute between the parties involving technology that allows wagons to fold up so that they can be more easily transported and stored.  Much of this dispute's history—which spans many years and multiple lawsuits—is not relevant to the instant motions and will be summarized only briefly.  Given the

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 9, 2020, at 1:30 p.m. is hereby vacated and off calendar.

case's current posture, that summary will adopt the facts set forth in the various pleadings.

The Chens are a father and son who own and manage Everyday Sport, Inc., an outdoor equipment store located in Southern California. (Chen Crossclaim ¶ 3.) The Chens own "the 686 Patent," which concerns technology that allows wagons to fold up. (*Id.* ¶ 20.) The Chens applied for and received the 686 Patent in 2008. (*Id.*) That same year, Horowitz approached the Chens and expressed interest in purchasing their wagons. (*Id.* ¶ 23.) The two sides eventually came to an agreement by which the Chens supplied Horowitz with their patented wagons, and Horowitz resold them at his stores. (*Id.* ¶ 24.) This arrangement appears to have lasted for some time, but in 2011, the Chens realized that Horowitz had "fraudulently duped and deceived" them into assigning their rights in the 686 Patent to him. (*Id.* ¶ 25.) After making this discovery, the Chens sued Horowitz in Los Angeles County Superior Court. The court in that case eventually ruled that the purported assignment of the 686 Patent from the Chens to Horowitz was unenforceable. (*Id.* ¶ 26.) The Chens obtained a $4 million judgment against Horowitz in August 2017 after a two-week trial. (*Id.*)

Several relevant developments occurred while this state court action was pending. First, in 2015, the Chens obtained three more patents related to folding wagons—the 940 Patent, the 311 Patent, and the 206 Patent. (FAC ¶¶ 40–43.) The Chens then transferred the right to enforce all of their patents to Kevin Xia. (*Id.* ¶¶ 44–48.) Around the same time, Horowitz also obtained several patents related to folding wagons. (*Id.* ¶ 36.) Most notably, in 2015, Horowitz applied for and obtained the "154 Patent" and subsequently began selling wagons utilizing the 154 Patent design on Amazon and eBay. (*Id.*) Horowitz contends that the wagons he developed with the 154 Patent are superior to the Chens' wagons because they take up less space. (*Id.* ¶ 43.)

In November 2016, Xia—acting as the enforcer of the Chens' patents—retained Zhang and his law firm Caliber to take action against Horowitz and his new 154 Patent. (Xia Crossclaim ¶ 10.) After being retained by Xia, Zhang sent a series of infringement notices to Horowitz's distributors stating that the154 Patent infringed on the Chens' various patents. (*Id.* ¶ 11.) The infringement notices warned Horowitz's distributors they would be in violation of federal patent law if they continued to sell Horowitz's wagons. (Compl. Ex. 4. ) These notices form the basis of many of Horowitz's claims against the Chens and the Xia Parties. He alleges that the notices were sent in bad faith and caused several of his distributors to end their relationships with him. (FAC ¶¶ 66–68.) About one month after sending the notices, Zhang sent a series of retraction letters to Horowitz's distributors. (Chen Crossclaim ¶ 48.) And when he was deposed in this case, Zhang admitted that at the time he sent the notices, he had no patent law experience and had not performed a patent analysis to determine whether Horowitz's 154 Patent actually infringed on any of the Chens' patents. (*Id.* ¶ 80.)

Plaintiffs filed the operative Fourth Amended Complaint ("FAC") in this action on October 4, 2019. Plaintiffs seek a declaration that the Chens' patents are invalid as well as monetary damages based on the allegedly improper infringement notices. The FAC asserts several claims against Zhang and Caliber, but Plaintiffs have since voluntarily dismissed those claims. (Dkt. 181.) Both the Chens and the Xia parties answered the FAC and asserted crossclaims against Zhang for indemnification and negligence. (Dkts. 178, 180.) Zhang now moves to dismiss those crossclaims.[2]

//
//
//

---

[2] After these motions to dismiss were filed and briefed, this case was reassigned from Judge Guilford to this Court. (Dkt. 203.)

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

//
//
//

## IV. ANALYSIS

### A. Indemnity Claim

The Chens and the Xia Parties both assert indemnity claims against Zhang and Caliber. These claims contend that, in the event the Chens or the Xia Parties are ultimately held liable to Horowitz, Zhang should pay a share of the judgment because he was responsible for sending out the infringement notices. The parties dispute whether this claim has been timely asserted. The Court agrees with Zhang that it is premature.

As an initial matter, the indemnity claims at issue here are best characterized as ones for equitable indemnity as opposed to express indemnity. Under California law, there are two basic types of indemnity: express indemnity provided for by contract and equitable indemnity. *Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 1159 (2009). Express indemnity is "an obligation that arises by virtue of express contractual language establishing a duty in one party to save another upon the occurrence of specified circumstances." *Id.* at 1158 (internal quotation omitted). Equitable indemnity, by contrast, includes both indemnity implied from a contract as well as "traditional equitable indemnity," which arises from the equities of particular circumstances, such as between joint tortfeasors. *Id.* at 1158–59. Because neither the Chens nor the Xia Parties allege that they entered into a contract with Zhang that contains language related to express indemnity, the rules governing claims for equitable indemnity apply.

Equitable indemnity claims arise from the principle that an individual who has paid a judgment which ought to have been paid by another wrongdoer may recover from that wrongdoer. *See W. Steamship Lines, Inc. v. San Pedro Peninsula Hosp.*, 8 Cal. 4th 100, 108 (1994). Thus, "[a] fundamental prerequisite to an action for partial or total equitable indemnity is an actual monetary loss through payment of a judgment or settlement."

*Christian v. County of Los Angeles*, 176 Cal. App. 3d 466, 471 (1986). Because neither the Chens nor the Xia Parties have yet paid any judgment to Horowitz, their equitable indemnity claims against Zhang and Caliber are premature. *See, e.g., J.B. Painting and Waterproofing, Inc. v. RGB Holdings, LLC*, 650 Fed. Appx. 450, 454 (9th Cir. 2016) (holding that under California law, "the cause of action for equitable indemnity accrues when the indemnitee suffers a loss through payment of an adverse judgment or settlement") (internal quotations omitted); *City of San Diego v. U.S. Gypsum Co.*, 30 Cal. App. 4th 575, 587 (1994) ("Our Supreme Court has consistently ruled that a cause of action for indemnity does not accrue until the indemnitee suffers loss through payment of an adverse judgment or settlement."); *Tesoro Ref. and Mktg. Co. LLC v. City of Long Beach*, 334 F. Supp. 3d 1031, 1049 (C.D. Cal. 2017) (dismissing indemnity and contribution claims as premature when plaintiff did not allege that it had paid an adverse judgment). Accordingly, the Chens' and the Xia Parties' equitable indemnity claims are **DISMISSED WITHOUT PREJUDICE.** The Court will permit them to reassert these claims in the event that they become ripe in the future.

### B. Negligence Claim

The Chens and the Xia Parties also assert crossclaims for negligence against Zhang. Boiled down, these claims allege that Zhang—while acting as their attorney—was negligent in sending the infringement notices to Horowitz's distributors because he had no experience in patent cases and never inspected the patents at issue. (Chen Crossclaim ¶¶ 79–81; Xia Crossclaim ¶¶ 21–22.) Zhang contends that this claim is time-barred. The Court disagrees.

The California Code of Civil Procedure provides that "[a]n action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the

use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." *See* Cal. Civ. Proc. Code § 340.6. Thus, section 340.6 "states two distinct and alternative limitation periods: *one* year after actual or constructive *discovery*, or *four* years after *occurrence* (the date of the wrongful act or omission), whichever occurs first." *Radovich v. Locke-Paddon*, 35 Cal. App. 4th 946, 966 (1995) (emphases in original). An attorney asserting a statute of limitations defense under section 340.6 "has the burden of proving . . . that plaintiff discovered or should have discovered the facts alleged to constitute defendant's wrongdoing more than one year prior to filing this action." *See Samuels v. Mix*, 22 Cal. 4th 1, 8–9 (1999).

It is undisputed that the allegedly wrongful conduct which forms the basis of the negligence claims occurred in November 2016 when Zhang sent the infringement notices to Horowitz's distributors. (Xia Crossclaim ¶ 11.) The issue then, is when the Chens and the Xia Parties *discovered* the wrongfulness of conduct. The Chens and the Xia Parties contend that this did not occur until August 2019—when Zhang admitted in a deposition that he had no experience litigating patent cases and had never even examined Horowitz's patents to determine whether they were actually infringing before sending the infringement notices. (*Id.* ¶ 22; Chen Crossclaim ¶ 80.) Zhang counters that the Chens and the Xia Parties were put on notice far earlier, on March 10, 2017—the date Horowitz filed the initial complaint in this action which named Zhang and Caliber as Defendants. (Compl.) The Court agrees with the Chens and the Xia Parties.

Under section 340.6, "the one-year statute of limitations for legal malpractice begins to run when the client discovers, or through the use of reasonable diligence should have discovered, the facts constituting the attorney's wrongful act or omission." *Worton v. Worton*, 234 Cal. App. 3d 1638, 1649 (1991). Though Horowitz's initial Complaint in this action does assert claims against Zhang and Caliber, it does not allege facts sufficient

to put the Chens or the Xia Parties on notice of the facts constituting Zhang's allegedly wrongful acts. Instead, the Complaint generally alleges that Zhang sent infringement notices to his distributors which "misrepresent[ed] that they were violating the Chens' patents." (Compl. ¶ 6.) Crucially, it does not allege the specific facts that form the basis of the negligence claims against Zhang—that Zhang had no experience in patent law and never inspected Horowitz's 154 Patent before sending the notices. Those facts are the ones that "constitute the wrongful act or omission" within the meaning of the statute. *See* Cal. Civ. Proc. Code § 340.6. And according to the crossclaims, the Chens and the Xia Parties had no knowledge of these relevant facts until Zhang's August 2019 deposition. (Xia Crossclaim ¶ 22; Chen Crossclaim ¶ 80.)

Because the statute of limitations on a legal malpractice claim does not start running until the client discovers or should have discovered "the facts constituting the attorney's wrongful act or omission," and the Chens and the Xia Parties allege that they did not discover the relevant facts until August 2019, their legal malpractice claims are timely. *See Worton*, 234 Cal. App. 3d at 1649; *see also Adams v. Paul*, 11 Cal. 4th 583, 589, n.2 (1995) (finding that under section 340.6, "discovery of the negligent act or omission initiates the statutory period"). As discovery progresses, it may become clear that the Chens and the Xia Parties either knew or should have known about Zhang's allegedly negligent conduct well before August 2019. However, taking all facts in their crossclaims as true—as it must at this pleading stage—the Court cannot find that they had notice of Zhang's negligent conduct prior to August 2019. *See Samuels v. Mix*, 22 Cal. 4th at 8–9 (holding that a defendant asserting the one-year-from-discovery limitation defense under section 340.6 has the burden of proof). Accordingly, Zhang's motions to dismiss the negligence crossclaims as untimely are **DENIED.**

//

//

## V. CONCLUSION

For the foregoing reasons, the Zhang's motions to dismiss the Chens' and the Xia Parties' crossclaims are **GRANTED IN PART AND DENIED IN PART.** The motions to dismiss the indemnification claims are **GRANTED** and those claims are **DISMISSED WITHOUT PREJUDICE.** The motions to dismiss the negligence claims are **DENIED.**

DATED:	March 3, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE