JONATHAN B. COLE (SBN 70460)
jcole@nemecek-cole.com
VIKRAM SOHAL (SBN 240251)
vsohal@nemecek-cole.com
**NEMECEK & COLE**
A Professional Corporation
16255 Ventura Boulevard, Suite 300
Encino, California 91436-2300
Tel: (818) 788-9500 / Fax: (818) 501-0328

Attorneys for Cross-Defendants,
YUE ZHANG and CALIBER LEGAL, P.C.

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOROWITZ, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>YISHUN CHEN, *et al*.;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | Case No.: 8:17-CV-00432-FLA (DFMx)<br><br>**CROSS-DEFENDANTS' EVIDENTIARY OBJECTIONS**<br><br>HEARING:<br>Hon. Fernando L. Aenlle-Rocha<br>Date: July 30, 2021<br>Time: 1:30 P.M.<br>Place: Courtroom 6B<br><br>Pretrial Conf.: October 29, 2021<br>Trial: November 9, 2021 |

2791305.1

1

**CROSS-DEFENDANTS' EVIDENTIARY OBJECTIONS**

Cross-Defendants YUE ZHANG and CALIBER LEGAL, P.C. (collectively, "Zhang") hereby object to the declarations of Yishun Chen, Zhaosheng Chen and David Lin filed in support of the Chen's Opposition to the Motion for Summary Judgment, and the declaration of Kevin Xia filed in support of Xia's Opposition to the Motion for Summary Judgment as follows[1]:

**Declaration of Yishun Chen (Dkt. No. 238-1)**

**Objection No. 1:**

<u>The Entire Declaration</u>: Zhang objects to the entire declaration of Yishun Chen as it is not properly authenticated.

Any witness testimony translated from a foreign language must be properly authenticated, and any interpretation must be shown to be an accurate translation by a competent translator. FRE 604, 901; *Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994).

Yishun Chen has always claimed that he is unable to speak, read or write in the English language. In the Statement of Decision issued in the State Court Action, for example, the court noted that, "[a]t trial, [Yishun] testified through a Mandarin interpreter and rated his own English speaking, writing and reading skills as a 1 on a scale of 1 to 10." (*See* Dkt. No. 235-2 – App. Ex., Exhibit 14 at 148:7-10.) In this case, Yishun similarly requested, and was provided, a Mandarin interpreter at his deposition. (Dkt. No. 235-2 – App. Ex., Exhibit 17.) Notwithstanding the foregoing, Yishun Chen's declaration, which is written entirely in English, does not explain whether the declaration was first written in Chinese and then translated to English,

---

[1] Due to the substantial time and effort it took Zhang's counsel to prepare the reply documentation to respond to **two separate sets of opposition papers** to Zhang's Motion for Summary Judgment, this is one of the two documents that counsel was unable to file last night with the reply papers despite his best efforts. This document is being filed on Saturday, July 17, 2021. Zhang's counsel apologizes to the Court for the slight delay in the filing of this document. The *de minimis* delay should not cause prejudice to any of the parties. *JPMorgan Chase Bank, N.A. v. Sierra Pacific Mortg. Co., Inc.*, 2015 WL 5092802, at *2 n.2 (E.D. Cal. Aug. 28, 2015) (finding that the one-day delay in filing of the opposition papers caused no prejudice and was a "de minimis violation" of the local rules, and did not bar consideration of the late-filed documents); *Imagenetix, Inc. v. Robinson Pharma, Inc.*, 2017 WL 8940118, at *2 n.2 (C.D. Cal. Jan. 12, 2017) (same).

1 or whether the declaration was translated for him, by whom or what the original
2 document in Chinese stated. The declaration does not contain any statement reading
3 that it is an accurate translation of the document Yishun Chen supposedly must have
4 read in order to understand it.

5 Thus, the entire declaration of Yishun Chen is not properly authenticated and
6 must be disregarded.

| No. | Testimony | Objections |
|---|---|---|
| 2. | "My son, Zhaosheng and I were not involved in the official hiring and retention of Mr. Zhang and at that time, in the early-to-mid Nov. 2016 time period, we were not even aware of Mr. Zhang's name, where his office was and did not meet with him at his business office until late November 2016 on one occasion when Mr. Xia took us to his office. I don't remember where his office is or was; however, I do recall that he advised us at this meeting that he was experienced and capable of handling this patent infringement matter involving the subject wagon patents." (Yishun Decl., ¶ 8.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 (S.D. Cal. 1997) ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge re Zhaosheng Chen. FRE 602.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 3. | "At such time of this one-time meeting with Mr. Zhang, I believed and thought that Mr. Zhang was a patent attorney who was experienced enough and capable of handling this patent infringement matter, as he had represented to us. At no time during this meeting with Mr. Zhang did he ever advise us that he was not a patent attorney or that he was not capable of handling this patent infringement notice matter for which he had been retained." (Yishun Decl., ¶ 9.) | Contradicts prior deposition testimony (*see* UF 33 – Dkt. No. 232). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at \*3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402. |

| No. | Testimony | Objections |
|---|---|---|
| | | Lack of Authentication. FRE 604, 901. |
| 4. | "It is further my recollection that when I first met with Attorney Zhang together with Kevin Xia, it was after Mr. Xia had already hired Mr. Zhang and Mr. Zhang had already sent out the first patent infringement letter regarding our wagon patents, including the 686 wagon patent and one of the reasons that Mr. Xia had wanted to bring us to meet with Attorney Zhang was because Horowitz had sent back an email response to Mr. Zhang threatening to sue him for making inaccurate or false statements regarding his wagon products infringing upon the Chens' wagon patents and the 686 patent and had informed Mr. Zhang that he was the owner of the 686 wagon patent at such time" (Yishun Decl., ¶ 10.) | Contradicts prior deposition testimony (*see* UF 33 – Dkt. No. 232). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.") <br><br> Lack of Foundation. FRE 602. <br><br> Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.") <br><br> Relevance. FRE 402. <br><br> Lack of Authentication. FRE 604, 901. |
| 5. | "At the meeting, Mr. Zhang asked us which patent covered which wagon and we told him about our case against Horowitz in the State Court. However, again, at no time, during this meeting did Attorney Zhang ever advise us that he was not a patent attorney with no prior patent experience at all nor did we ever learn of this fact regarding Attorney Zhang's lack of patent experience or that he was not a patent attorney until much later by our legal counsel in this Action, Mr. David Lin, who advised us of such important material facts after the taking of Mr. Zhang's deposition in this case on or about August 9, 2019." (Yishun Decl., ¶ 11.) | Contradicts prior deposition testimony (*see* UF 33 – Dkt. No. 232). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.") <br><br> Lack of Foundation. FRE 602. <br><br> Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.") <br><br> Relevance. FRE 402. <br><br> Hearsay. FRE 802. <br><br> Lack of Authentication. FRE 604, 901. |
| 6. | "In addition, at the time that Mr. Xia had initially approached and retained Attorney Zhang in or about the Nov.-early Dec. 2016 time period, we had given and conveyed to Kevin Xia | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact |

2791305.1

4

**CROSS-DEFENDANTS' EVIDENTIARY OBJECTIONS**

| No. | Testimony | Objections |
|---|---|---|
|  | limited oral/verbal authorization to assist us to enforce the wagon patents, including our claimed rightful ownership of the 686 patent, but we did not provide to Mr. Xia our full authorization to assist us to protect against such third party infringers involving certain of our relevant patents, including the 686 patent, until January 1, 2017 when we signed off on an official written Power of Attorney Authorization form conveying such official legal rights to him." (Yishun Decl., ¶ 12.) | by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 7. | "Neither I or my son, Zhaosheng were ever asked to sign off on a Retainer Agreement with Attorney Zhang and we both never signed off on any Retainer Agreement with Attorney Zhang with regards to his legal retention to assist on these patent infringement matters and in fact, I never saw or was ever provided with copies of either the signed Retainer Agreement entered into with Attorney Zhang by Mr. Xia and/or of any of the 3 patent infringement notice letters prepared and sent out by Mr. Zhang to review and confirm its contents prior to the letters being sent out. We also were never provided with copies of such patent infringement letters even after they were sent out by Mr. Zhang and I did not see copies of any of those letters and know of their contents until the ongoing litigation of this lawsuit after it was filed in March 2017." (Yishun Decl., ¶ 13.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 8. | "As such, we never fully consented to the 3 patent infringement letters sent out by Attorney Zhang since we were never provided with copies of these letters to review and confirm its contents prior to their being sent out by Attorney Zhang." (Yishun Decl., ¶ | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.") |

| No. | Testimony | Objections |
|---|---|---|
|  | 14.) | Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 9. | "In addition, I am not an owner or shareholder or hold any business interest in the corporate entity, Everyday Sports Outdoors, Inc. which, as stated, is a company owned and fully operated by Kevin Xia. All business operations of Everyday Sports Outdoor, Inc. are and were performed by Kevin Xia." (Yishun Decl., ¶ 15.) | Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 10. | "I was also never advised by Mr. Xia and/or forwarded by him any text or We Chat communication messages between himself and Attorney Zhang, nor ever told or advised by either Mr. Xia and/or Mr. Zhang of the contents of any of their outside We Chat communications with each other concerning the patent infringement notice issues, including any responses which Mr. Zhang may have later provided to Mr. Xia regarding his lack of experience in handling these types of patent infringement claim or notice matters." (Yishun Decl., ¶ 16.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 11. | "I was further never advised or made aware of the fact, by either Attorney | Relevance. FRE 402. |

| No. | Testimony | Objections |
|---|---|---|
|  | Zhang or Mr. Xia, that Mr. Zhang had provided a partial refund back of the initial retainer monies paid for by Mr. Xia to Attorney Zhang for his services in preparation of the 3 patent infringement notice letters sent out in this matter." (Yishun Decl., ¶ 17.) | Lack of Authentication. FRE 604, 901. |
| 12. | "Moreover, when I was first advised and received notice of this present lawsuit or legal Action filed against me and my son, Zhaosheng and which also initially named Attorney Zhang as a Defendant party to this Action, based on the allegations levied against Mr. Zhang, it was my belief and understanding that Attorney Zhang had been added and brought into this case based on the claims of Horowitz that he was the actual owner of the 686 wagon patent which he had stolen and wrongfully misappropriated from us and that he had been sued in this Action because of the alleged incorrect or misleading statements regarding our claimed ownership of the 686 patent which Horowitz alleged and claimed was false and untrue. Thereafter, when Attorney Zhang was shortly dismissed from the Action, two months later in May 2017 by Plaintiff Horowitz, I believed that Plaintiff chose to dismiss Mr. Zhang from the lawsuit given a determination at such time that he had done nothing wrong to justify keeping him in the lawsuit as a Defendant party at that time." (Yishun Decl., ¶ 18.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 13. | "It was only after the taking of Attorney Zhang's deposition in this case on August 9, 2019, and upon my present counsel, Mr. David Lin's advisement as to Attorney's Zhang's material witness testimony and admissions made by him during this deposition that I became aware for the first time that Attorney Zhang was actually not a patent attorney and did | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602. |

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436-2300
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

| No. | Testimony | Objections |
|---|---|---|
| | not have any prior experience at all with respect to the handling of such patent infringement type matters, which came as a big and utter surprise to me." (Yishun Decl., ¶ 19.) | Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.") <br><br> Relevance. FRE 402. <br><br> Hearsay. FRE 802. <br><br> Lack of Authentication. FRE 604, 901. |

## Declaration of Zhaosheng Chen (Dkt. No. 238-2)

### Objection No. 14:

<u>The Entire Declaration</u>: Zhang objects to the entire declaration of Zhaosheng Chen as it is not properly authenticated.

Any witness testimony translated from a foreign language must be properly authenticated, and any interpretation must be shown to be an accurate translation by a competent translator. FRE 604, 901; *Jack v. Trans World Airlines, Inc*., 854 F. Supp. 654, 659 (N.D. Cal. 1994).

Zhaosheng Chen has always claimed that he is unable to speak, read or write in the English language. In the Statement of Decision issued in the State Court Action, for example, the court noted that, "Johnson [Zhaosheng's English name] was raised in Beijing, China and has not taken any English classes in the United States. He testified through Mandarin interpreted [*sic*] and estimated his English language skills as 3 on a scale of 1 to 10." (*See* Dkt. No. 235-2 – App. Ex., Exhibit 14 at 148:24-27.) In this case, Zhaosheng Chen similarly requested, and was provided, a Mandarin interpreter at both of his depositions. (*See* Dkt. No. 250 – Sohal Supp. Decl., ¶¶ 3-4; Exhibit 24 – Zhaosheng Vol. I at 92:9-13.) Notwithstanding the foregoing, Zhaosheng Chen's declaration, which is written entirely in English, does not explain whether the declaration was first written in Chinese and then translated

1 to English, or whether the declaration was translated for him, by whom or what the
2 original document in Chinese stated. The declaration does not contain any statement
3 reading that it is an accurate translation of the document Zhaosheng Chen
4 supposedly must have read in order to understand it.

5 Thus, the entire declaration of Zhaosheng Chen is not properly authenticated
6 and must be disregarded.

| No. | Testimony | Objections |
|---|---|---|
| 15. | "In terms of our business relationship with Kevin Xia and his company, Everyday Sports Outdoors, Inc., Mr. Xia was the one who first approached us with the interest to purchase and buy wagons from us and the company owned by myself and my father, Yishun Chen, namely Everyday Sports, Inc. which is a separate and distinct company from that of the company owned by Kevin Xia, which is Everyday Sports Outdoors, Inc. or Corporation. Mr. Xia was the one who first approached myself and my father with regards to his interest to buy certain of our model wagons that fell within the 686 patent line of wagons as he wanted to do business with us to purchase and sell our wagons, including the 686 wagon models on-line to his own third party business customers. We, thus, first began doing business with Mr. Xia in or about mid to late 2016." (Zhaosheng Decl., ¶ 2.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 11 and 14 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation. FRE 602.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 16. | "My father, Yishun Chen and I were not involved in the official hiring and retention of Mr. Zhang and at that time, in the early-to-mid Nov. 2016 time period, we were not even aware of Mr. Zhang's name, where his office was and did not meet with him at his business office until late November 2016 on one occasion when Mr. Xia took us to his office. I don't remember where his office is or was; however, I | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge re Yishun Chen. FRE 602. |

| No. | Testimony | Objections |
|---|---|---|
|  | do recall that he advised us at this meeting that he was experienced and capable of handling this patent infringement matter involving the subject wagon patents." (Zhaosheng Decl., ¶ 8.) | Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 17. | "At such time of this one-time meeting with Mr. Zhang, I believed and thought that Mr. Zhang was a patent attorney who was experienced enough and capable of handling this patent infringement matter, as he had represented to us. At no time during this meeting with Mr. Zhang did he ever advise us that he was not a patent attorney or that he was not capable of handling this patent infringement notice matter for which he had been retained." (Zhaosheng Decl., ¶ 9.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 18. | "It is further my recollection that when I first met with Attorney Zhang together with Kevin Xia, it was after Mr. Xia had already hired Mr. Zhang and Mr. Zhang had already sent out the first patent infringement letter regarding our wagon patents, including the 686 wagon patent and one of the reasons that Mr. Xia had wanted to bring us to meet with Attorney Zhang was because Horowitz had sent back an email response to Mr. Zhang threatening to sue him for making inaccurate or false statements regarding his wagon products infringing upon our wagon patents in particular the 686 patent and had informed Mr. Zhang that he was the owner of the 686 wagon patent at such time." (Zhaosheng Decl., ¶ 10.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 19. | "At the meeting, Mr. Zhang asked us | Contradicts prior deposition testimony (*see* |

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436-2300
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

| No. | Testimony | Objections |
|---|---|---|
|  | which patent covered which wagon and we told him about our case against Horowitz in the State Court. However, again, at no time, during this meeting did Attorney Zhang ever advise us that he was not a patent attorney with no prior patent experience at all nor did we ever learn of this fact regarding Attorney Zhang's lack of patent experience or that he was not a patent attorney until much later by our legal counsel in this Action, Mr. David Lin, who advised us of such important material facts after the taking of Mr. Zhang's deposition in this case on or about August 9, 2019." (Zhaosheng Decl., ¶ 11.) | Zhang's Response/Rebuttal re UF 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at \*3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 20. | "In addition, at the time that Mr. Xia had initially approached and retained Attorney Zhang in or about the Nov.-early Dec. 2016 time period, we had given and conveyed to Kevin Xia limited oral/verbal authorization to assist us to enforce the wagon patents, including our claimed rightful ownership of the 686 patent, but we did not provide to Mr. Xia our full authorization to assist us to protect against such third party infringers involving certain of our relevant patents, including the 686 patent, until January 1, 2017 when we signed off on an official written Power of Attorney Authorization form conveying such official legal rights to him." (Zhaosheng Decl., ¶ 12.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at \*3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 21. | "Neither I or my father, Yishun Chen were ever asked to sign off on a Retainer Agreement with Attorney Zhang and we both never signed off on any Retainer Agreement with Attorney Zhang with regards to his | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn |

2791305.1

11

**CROSS-DEFENDANTS' EVIDENTIARY OBJECTIONS**

| No. | Testimony | Objections |
|---|---|---|
|  | legal retention to assist on these patent infringement matters and in fact, I never saw or was ever provided with copies of either the signed Retainer Agreement entered into with Attorney Zhang by Mr. Xia and/or of any of the 3 patent infringement notice letters prepared and sent out by Mr. Zhang to review and confirm its contents prior to the letters being sent out. We also were never provided with copies of such patent infringement letters even after they were sent out by Mr. Zhang and I did not see copies of any of those letters and know of their contents until the ongoing litigation of this lawsuit after it was filed in March 2017." (Zhaosheng Decl., ¶ 13.) | deposition testimony.") <br><br> Lack of Foundation and Lack of Personal Knowledge.  FRE 602. <br><br> Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.") <br><br> Relevance. FRE 402. <br><br> Hearsay.  FRE 802. <br><br> Lack of Authentication.  FRE 604, 901. |
| 22. | "As such, we never fully consented to the 3 patent infringement letters sent out by Attorney Zhang since we were never provided with copies of these letters to review and confirm its contents prior to their being sent out by Attorney Zhang."  (Zhaosheng Decl., ¶ 14.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248).  *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.") <br><br> Lack of Foundation and Lack of Personal Knowledge.  FRE 602. <br><br> Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.") <br><br> Relevance. FRE 402. <br><br> Lack of Authentication.  FRE 604, 901. |
| 23. | "I was also never advised by Mr. Xia and/or forwarded by him any text or We Chat communication messages between himself and Attorney Zhang, nor ever told or advised by either Mr. Xia and/or Mr. Zhang of the contents of any of their outside We Chat communications with each other concerning the patent infringement notice issues, including any responses | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248).  *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.") <br><br> Lack of Foundation and Lack of Personal Knowledge.  FRE 602. |

| No. | Testimony | Objections |
|---|---|---|
|  | which Mr. Zhang may have later provided to Mr. Xia regarding his lack of experience in handling these types of patent infringement claim or notice matters." (Zhaosheng Decl., ¶ 16.) | Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 24. | "I was further never advised or made aware of the fact, by either Attorney Zhang or Mr. Xia, that Mr. Zhang had provided a partial refund back of the initial retainer monies paid for by Mr. Xia to Attorney Zhang for his services in preparation of the 3 patent infringement notice letters sent out in this matter." (Zhaosheng Decl., ¶ 17.) | Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 25. | "Moreover, when I was first advised and received notice of this present lawsuit or legal Action filed against myself and my father, Yishun Chen and which also initially named Attorney Zhang as a Defendant party to this Action, based on the allegations levied against Mr. Zhang, it was my belief and understanding that Attorney Zhang had been added and brought into this case based on the claims of Horowitz that he was the actual owner of the 686 wagon patent which he had stolen and wrongfully misappropriated from us and that he had been sued in this Action because of the alleged incorrect or misleading statements regarding our claimed ownership of the 686 patent which Horowitz alleged and claimed was false and untrue. Thereafter, when Attorney Zhang was shortly dismissed from the Action, two months later in or about May 2017 by Plaintiff Horowitz, I believed that Plaintiff chose to dismiss Mr. Zhang from the lawsuit given a determination at such | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |

| No. | Testimony | Objections |
|---|---|---|
| | time that he had done nothing wrong to justify keeping him in the lawsuit as a Defendant party at that time ." (Zhaosheng Decl., ¶ 18.) | |
| 26. | "It was only after the taking of Attorney Zhang's deposition in this case on August 9, 2019, and upon my present counsel, Mr. David Lin's advisement as to Attorney's Zhang's material witness testimony and admissions made by him during this deposition that I became aware for the first time that Attorney Zhang was actually not a patent attorney and did not have any prior experience at all with respect to the handling of such patent infringement type matters, which came as a big and utter surprise to me." (Zhaosheng Decl., ¶ 19.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 17 and 31 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at \*3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 27. | "Finally, although I believe that I was also named or listed as an owner by Kevin Xia for his company, Everyday Sports Outdoors, Inc., and also believe that I was named as a director of this company in corporate documents as I have been told by Kevin Xia, I never authorized Kevin Xia to do this and I have never been involved with the business operations of this company, which is actually Kevin Xia's company not mine. I have also never received any monies, either salary, profits or any financial revenues as generated by the company as paid or distributed to me as an owner/shareholder of this company, Everyday Sports Outdoors, Inc." (Zhaosheng Decl., ¶ 20.) | Contradicts prior deposition testimony (*see* Zhang's Response/Rebuttal re UF 11 and 14 – Dkt. No. 248). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation. FRE 602.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |

//

## Declaration of David S. Lin (Dkt. No. 238 at pgs. 22-23)

| No. | Testimony | Objections |
|---|---|---|
| 28. | "As the record clearly shows, the Chens did not learn or even know that Attorney Zhang was not a patent attorney and had no prior patent law experience and had undertaken no investigation at all concerning these wagon patents 'at issue' until Mr. Zhang's deposition was taken on August 9, 2019 and his material witness testimony provided." (Lin Decl., ¶ 2.) | Lack of Foundation and Personal Knowledge. FRE 602.<br><br>Irrelevant. FRE 402.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Purportedly based on matters previously withheld as attorney-client privileged communications but now waived to attempt to defeat Zhang's summary judgment motion. |
| 29. | "In this, Cross Defendants Yue Zhang and Caliber has further not provided and has failed to submit any uncontroverted fact or evidence to show that the Chens' attorney knew that Yue Zhang was not a patent attorney and had no prior patent law experience or had undertaken no patent investigation into either the wagons or the patents themselves at all as of this March 10, 2017 date." (Lin Decl., ¶ 3.) | Lack of Foundation and Personal Knowledge. FRE 602.<br><br>Irrelevant. FRE 402. Actual knowledge of the alleged negligence by attorney not required under the imputed knowledge doctrine. Both the actual and/or constructive knowledge of the attorney is imputed to the client. *Roche v. Hyde*, 51 Cal.App.5th 757, 797-98 (the rule of imputed notice between principal and agent includes things the agent not only knows with regard to the subject matter of his agency, but by inquire notice should know).<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.") |
| 30. | "Since Defendant Yue Zhang was subsequently dismissed from the case on May 12, 2017 within two months of inception of the case, I reasonably believed that Zhang had done nothing wrong in the preparation and sending out of the patent infringement letters | Lack of Foundation and Personal Knowledge. FRE 602.<br><br>Irrelevant. FRE 402. Actual knowledge of the alleged negligence by attorney not required under the imputed knowledge doctrine. Both the actual and/or constructive knowledge of |

| No. | Testimony | Objections |
|---|---|---|
| | which he had sent out in this matter." | the attorney is imputed to the client. *Roche v. Hyde*, 51 Cal.App.5th 757, 797-98 (the rule of imputed notice between principal and agent includes things the agent not only knows with regard to the subject matter of his agency, but by inquire notice should know).<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Belied by the record. While Horowitz dismissed Zhang from this lawsuit in May 2017, he continued alleging that the cease and desist letters were improper in his First Amended Complaint (Dkt. No. 17) and the Second Amended Complaint (Dkt. No. 61), both of which were filed almost two years before the December 16, 2019 filing of the crossclaims. |

## **Declaration of Kevin Xia (Dkt. No. 240-1)**

**Objection No. 31:**

<u>The Entire Declaration</u>: Zhang objects to the entire declaration of Kevin Xia as it is not properly authenticated.

Any witness testimony translated from a foreign language must be properly authenticated, and any interpretation must be shown to be an accurate translation by a competent translator. FRE 604, 901; *Jack v. Trans World Airlines, Inc*., 854 F. Supp. 654, 659 (N.D. Cal. 1994).

Kevin Xia requested, and was provided, a Mandarin interpreter at his June 6, 2019 deposition and his May 13, 2021 deposition. (Dkt. No. 250, Sohal Supp. Decl., ¶¶ 6-7, Exhibit 27.) During his June 6, 2019 deposition, Xia's attorney described his client's English skills as follows: "MR. WANG: Before we start, I would like

counsel to know that Kevin does speak some English, and he understands English, but not in a professional way and not in most of the legal terms, so that's why we brought a translator today. And if he burst out some English, don't be too surprised, but I already told him that he's supposed to answer in Mandarin." (Dkt. No. 250, Sohal Supp. Decl., ¶¶ 6, Exhibit 27 – Xia Vol. 1 at 7:25-8:6.)

Notwithstanding the foregoing, Kevin Xia's declaration, which is written entirely in English, does not explain whether the declaration was first written in Chinese and then translated to English, or whether the declaration was translated for him, by whom or what the original document in Chinese stated. The declaration does not contain any statement reading that it is an accurate translation of the document Kevin Xia supposedly must have read in order to understand it.

Thus, the entire declaration of Kevin Xia is not properly authenticated and must be disregarded.

| No. | Testimony | Objections |
|---|---|---|
| 32. | "Zhang did not tell us that he did not have any experience with patents, nor did he inform us that prior to sending the cease and desist letters he should investigate the patent infringement." (Xia Decl., ¶ 11.) | Contradicts prior deposition testimony (*see* UF 39-46, 65, 67, 68). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation and Lack of Personal Knowledge. FRE 602.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 33. | "I did not know that Zhang needed to analyze patents in order to send correct cease and desist letters. I trusted that as an attorney he would know the proper procedure." (Xia Decl., ¶ 12.) | Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.") |

| No. | Testimony | Objections |
|---|---|---|
|  |  | Improper conclusion re matter subject to expert testimony.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 34. | "I asked Zhang to compare the wagons for the purpose of drafting a better detailed cease and desist letter, and he said there was no need, and he can send the letters without details." (Xia Decl., ¶ 13.) | Contradicts prior deposition testimony (*see* UF 43-44 – Dkt. No. 232). *Schuyler v. U.S.*, 987 F. Supp. 835, 840 ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony.")<br><br>Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Lack of Authentication. FRE 604, 901.<br><br>Hearsay. FRE 802. |
| 35. | "On April 6, 2018, Creative Outdoor Distributors, Inc. filed a complaint in Orange County Superior Court, case number 30-2018-00984638-C-CO-CJC against Everydaysports Outdoor Corp., Zhaosheng Chen and myself. The claims stated in this action did not include any claim for damages as a result of the cease and desist letters sent by Zhang. Filed on October 15, 2018, the Second Amended Complaint seeks damages for infringement notices sent directly to Amazon by Defendants in February, 2017, and again in March 2018. There is no mention whatsoever of the November, 2016 and December, 2016 letters sent by CrossDefendants Zhang." (Xia Decl., ¶ 21.) | Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Hearsay. FRE 802.<br><br>Lack of Authentication. FRE 604, 901. |
| 36. | "On August 9, 2019, when Plaintiffs | Lack of Foundation. FRE 602. |

| No. | Testimony | Objections |
|---|---|---|
| | took the deposition of Yue Zhang, we discovered the facts that led to filing the counterclaim against Cross-Defendants Zhang. Cross-Defendants breached the standard of care of a reasonable attorney similarly situated by failing to make a reliable determination regarding all of the infringement notices of specific products prior to sending out said notices of infringement and the demands to cease and desist sales of such products." (Xia Decl., ¶ 23.) | Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Improper conclusion re matters subject to expert testimony.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 37. | "Everydaysports Outdoor Corporation and Cross-Defendants Zhang were added when the Fourth Amended Complaint was filed on October 4, 2019. (Doc 166) The parties entered a stipulation to allow Cross-Defendants Zhang additional time to respond to the Complaint and for Defendants to file a counterclaim." (Xia Decl., ¶ 24.) | Lack of Foundation. FRE 602.<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901. |
| 38. | "On December 16, 2019, four days prior to the agreed date, and within one year of being added as a party and within five months of discovering the wrongful acts of Cross-Defendants Zhang, we filed our timely counterclaim for negligence and indemnity." | Lack of Foundation. FRE 602.<br><br>Improper Arguments and Legal Conclusions. *McElmurry v. US Bank National Association*, 2005 WL 8177214, at *3 (D. Or. Dec. 1, 2005) ("Legal arguments or conclusions contained in declarations are improper and should be stricken.")<br><br>Relevance. FRE 402.<br><br>Lack of Authentication. FRE 604, 901 |

DATED: July 17, 2021                         NEMECEK & COLE


                                             By:  /s/Vikram Sohal
                                                  VIKRAM SOHAL
                                                  Counsel for Cross-Defendants YUE
                                                  ZHANG and CALIBER LEGAL, P.C.

# **CERTIFICATE OF SERVICE**

The undersigned, counsel for Cross-Defendants YUE ZHANG and CALIBER LEGAL, P.C. hereby certifies that a true and correct copy of the foregoing document was made available for viewing and downloading through the Court's CM-ECF system to all counsel of record who are registered to receive a Notice of Electronic Filing for this case.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on this 17th day of July 2021 at Garden Grove, California.

/S/Vikram Sohal
Vikram Sohal